(Decided 7th February, 1879.)

ANDREW DITTMAN and JOHN M. BERGER *vs.* HENRY REPP.

*What considered on an Appeal from an Order Granting an Injunction— What, on an Appeal from an Order disposing of a Motion, made after Answer Filed, to Dissolve an Injunction— When a Court of Equity will interfere and restrain by Injunction a Nuisance to a party's Dwelling—Nuisance from Smoke, Noxious Vapor, Noise or Vibration.*

Where an appeal is taken from an order granting an injunction, it is to be considered on the allegations of the bill alone, irrespective of the answer. If the defendant desires the benefit of his answer, he should, upon filing it, move to dissolve the injunction, and then on an appeal from the order disposing of that motion, the answer would be before this Court for consideration.

The criterion for determining whether a Court of equity will interfere and restrain by injunction an existing or threatened nuisance to a party's dwelling is, whether the nuisance complained of will or does produce such a condition of things as, in the judgment of

Dittman and Berger *vs.* Repp.

reasonable men, is naturally productive of actual physical discomfort to persons of ordinary sensibilities, and of ordinary tastes and habits, and as, in view of the circumstances of the case, is unreasonable and in derogation of the rights of the complainant.

In determining the question of nuisance from smoke or noxious vapor, or from noise or vibration, reference must always be had to the locality, the nature of the trade, the character of the machinery, and the manner of using the property producing the annoyance and injury complained of.

Noise alone, if it be of such a character as to be productive of actual physical discomfort and annoyance to a person of ordinary sensibility, may create a nuisance, and be the subject of an action at law, or an injunction from a Court of equity, though such noise may result from the carrying on of a trade or business in a town or city.

If, superadded to the mere noise made by the operation of machinery in the building of a brewer adjoining the dwelling of the complainant, the working of the engine or pump produces strong vibratory and jarring motions which shake the complainant's house, and render it unfit and unsafe for habitation, such state of things clearly amounts to a nuisance, such as will give a right of action at law, or a Court of equity will restrain.

APPEAL from the Circuit Court of Baltimore City.

The facts of the case are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Alfred J. Carr,* for the appellants.

The appellants contend that a full case must be made out by the bill, otherwise the order for an injunction must be reversed.

If the appellee has a remedy at law, the extraordinary and summary process of injunction must not be set in motion. *Banks, &c. vs. Busey,* 34 *Md.,* 437; *Hankey vs. Abrahams,* 28 *Md.,* 588; *Johnston vs. Glenn, et al.,* 40 *Md.,* 200.

The bill should show that the appellee made a proper effort to prevent the erection of the steam engine, in the mode provided in the Baltimore City Code of 1869, p. 870, and that he failed in that effort.   See also *Mayor and City Council of Baltimore vs. Radecke,* 49 *Md.,* 217.

The injury complained of by the appellee is merely a disturbance of the comfortable enjoyment of his dwelling by reason of a loud noise ; all the rest is opinions and surmise.   *Powell vs. Rawlings,* 38 *Md.,* 239 ; *Nicodemus vs. Nicodemus,* 41 *Md.,* 529 ; 2 *Phila.,* 76 ; *Wood on Nuisances,* 151, 484 ; 57 *Pa. State,* 289.

Lastly, it seems to the appellants that the appellee put himself in proximity to the nuisance, if a brewery and its requisite machinery can be called such, for in the bill he alleges that when he purchased the premises the brewery was there, but that then it was a quiet, and it would seem, a peaceable brewery.

*Isidor Rayner,* for the appellee.

The complainant has sworn in his bill that the machine upon the premises of the defendants with its pipes and appurtenances, has not only been erected alongside of his wall, but in *direct contact* therewith ; that when in operation it causes a loud, deafening and jarring noise of extraordinary force and volume all through his house, which has become so offensive and disagreeable to complainant and his family that if it continues they cannot, with a due regard for their health and comfort, continue to reside in the premises.

Noise is an untangible thing ; all that can be done in a case of this sort is to describe it by the results that it produces ; and it is settled that noise of itself of such a nature as that described in the bill constitutes such a nuisance, the continuance of which can be restrained by injunction.   But in this case, it is not the noise alone which constitutes the cause of complaint.   It is the

Dittman and Berger *vs.* Repp.

fact that this machine when in operation *shakes* the *walls* of the complainant's house; causes a jarring and vibration all through the different rooms; and renders the house not only unfit, but unsafe for occupation.  Noise by itself of the kind described in the bill, would entitle the complainant to an injunction; but when this is accompanied by the fact that the defendants, by the use of this machine, are actually shaking the walls of the complainant's house, thus depriving it of its supports, so that it may fall at any moment, rendering the house unfit for habitation, the appellee submits that, under these circumstances, there is no necessity of adducing authorities to show that the complainant is entitled to an injunction. Our Courts have said that the power to interfere by injunction to restrain a party from so using his own property, as to destroy or materially prejudice the rights of his neighbor, and thus to enforce the maxim, *sic utere tuo ut alienum non lœdas*, is not only a well established jurisdiction of the Court of Chancery, but is one of great utility, and which is constantly exercised.  To justify an injunction to restrain an existing or threatened nuisance to a dwelling house, the injury must be shown to be of such a character as to diminish materially the value of the property as a dwelling, and seriously interfere with the ordinary comfort and enjoyment of it.  Where such is shown to be the case, the power of the Court is clear, and it will interpose by injunction.  The bill in this case discloses such a wrong, as all the authorities unite in saying, entitles a party to an injunction.  To refuse an injunction in a case of this sort would be tantamount to saying that a person could place along the wall of another's house a steam-engine, boiler, force-pumps and machinery; that he could run the pipes and apparatus (which connect the engine with the vessels that are used for brewing beer) along his neighbor's wall; that all through the day he could set this machinery to work; and that although the

noise which was caused thereby was of such a nature as to destroy the comfort and impair the health of those who lived in the house; and that although the use of this apparatus shook every wall in the house, and caused a jarring and vibration in every room, so that no one would run the risk of remaining in the premises, that equity cannot afford relief against a nuisance of this sort. *Adams vs. Michael,* 38 *Md.,* 123; *Wood on Nuisances, chap.* 16, (*Title: Noise and Vibration;*) *Crump vs. Lambert,* 3 *L. R.,* (*Eq. Cas.,*) 409.

ALVEY, J., delivered the opinion of the Court.

The appeal in this case is from an order granting an injunction, and, under our practice, it is to be considered on the allegations of the bill alone, irrespective of the answer. If the defendants had desired the benefit of their answer, they should, upon filing it, have moved to dissolve the injunction, and then, on an appeal from the order disposing of that motion, the answer would have been before us for consideration. They have not pursued that course, however, and their answer cannot be considered.

The complainant alleges that he and the defendants occupy adjoining premises on Bond street in the city of Baltimore; that the defendants are brewers and carry on the business of brewing beer in the premises occupied by them; that they have recently changed the manner of conducting their business, and have introduced into their building adjoining that occupied by the complainant, steam machinery of a formidable character, and placed the same, with its pipes and attachments, alongside the wall of the building of the complainant, and in direct contact therewith, and that such machinery is in full operation. He then alleges that the use of this new machinery causes a continual loud and deafening noise, during the time of its operation, through the entire premises of the

complainant, and that such noise is of extraordinary force and volume, producing a heavy jarring sound throughont his premises; that this noise has become so disagreeable and offensive to the complainant and his family residing in the house, that, with a due regard to their health and comfort, it will be impossible for them to remain in the house, unless this interference with their enjoyment thereof be discontinued. He further alleges, that the operation of the machinery by the defendants produces a continual vibration and jarring in all the apartments of his house, shaking the walls and rendering the house unfit and unsafe to reside in.

These allegations, standing alone, are certainly strong enough to bring the case within the authorities, and to entitle the complainant to relief.

In the case of *Adams vs. Michael*, 38 *Md.*, 123, this Court held that a Court of equity will interfere and restrain by injunction an existing or threatened nuisance to a party's dwelling, if the injury be shown to be of such a character as to diminish materially the value of the property as a dwelling, and seriously interfere with the ordinary comfort and enjoyment of it, and that the injury be such as to entitle the party complaining to substantial damages in an action at law. That was the case of a manufacturing establishment about to be erected in immediate proximity to the dwellings of the parties complaining, and where, according to the allegations of the bill, large volumes of smoke, offensive odors and noxious vapors, would be emitted from the factory, during its operation, whereby the value of the dwellings would be materially lessened, and the comfort of their occupiers greatly interfered with, and their health impaired. The injunction was refused in that case, but solely because of the defective allegations of the bill. Here the allegations of the bill are sufficient, and the principles laid down in the case of *Adams vs. Michael* fully apply. In all such

cases, the question is, whether the nuisance complained of, will or does produce such a condition of things as, in the judgment of reasonable men, is naturally productive of actual physical discomfort to persons of ordinary sensibilities, and of ordinary tastes and habits, and as, in view of the circumstances of the case, is unreasonable and in derogation of the rights of the complainant.  This is the criterion laid down in the authorities, and unless the facts show such a state of things, a Court of equity will not interfere.  *Wood's Law of Nuis.*, 599, and cases there cited.  And in determining the question of nuisance from smoke or noxious vapor, or from noise or vibration, such as alleged in this case, reference must always be had to the locality, the nature of the trade, the character of the machinery, and the manner of using the property producing the annoyance and injury complained of.  A party dwelling in the midst of a crowded commercial and manufacturing city cannot claim to have the same quiet and freedom from annoyance that he might rightfully claim if he were dwelling in the country.  Every one taking up his abode in the city must expect to encounter the inconveniences and annoyances incident to such community, and he must be taken to have consented to endure such annoyances to a certain extent.  Or as it has been better expressed by Lord Chancellor WESTBURY, in *Tipping vs. St. Helen's Smelting Co.* (4 *B. & S.*, 608 ; 11 *Ho. L. Cas.*, 642, 650,) in speaking of a case where the alleged nuisance was occasioned by smoke, " If a man lives in a town, of necessity he must submit himself to the consequences of the obligations of trades which may be carried on in his immediate neighborhood, which are actually necessary for trade and commerce, also for the enjoyment of property, and for the benefit of the inhabitants of the town. If a man live in a street where there are numerous shops, and a shop is opened next door to him which is carried on in a fair and reasonable way, he has no ground for

complaint because to himself individually there may arise much discomfort from the trade carried on in that shop." And so Lord CRANWORTH said, " You must look at it, not with a view to the question whether, abstractly, that quantity of smoke was a nuisance, but whether it was a nuisance to the person living in the town." But still, as we have said, there is a limit to the discomforts and annoyances to which a party may be required to subject himself without remedy, by living in a city, or a manufacturing district; and the authorities are numerous which hold that noise alone, if it be of such character as to be productive of actual physical discomfort and annoyance to a person of ordinary sensibility, may create a nuisance, and be the subject of an action at law, or an injunction from a Court of equity, though such noise may result from the carrying on of a trade or business in a town or city. *Bradley vs. Gill, Lutw.,* 69; *Elliotson vs. Feetham,* 2 *Bing.* (*N. C.,*) 134; *Salten vs. De Held,* 2 *Sim.* (*N. S.,*) 133; *Inchbald vs. Barington, L. R.,* 4 *Ch. App.,* 388; *Ball vs. Ray, L. R.,* 8 *Ch. App.,* 467; *Crump vs. Lambert, L. R.,* 3 *Eq. Cas.,* 409; *Fish vs. Dodge,* 4 *Den.,* 311. Here, superadded to the mere noise made by the operation of the machinery, it is alleged that the working of the engine or pump produces strong vibratory and jarring motions, which shake the complainant's house, and render it unfit and unsafe for habitation. Such state of things, if true, clearly amount to a nuisance, such as will give a right of action at law or a Court of equity will restrain. *Scott vs. Firth,* 4 *Fost. & Fin.,* 349. We shall therefore affirm the order granting the injunction.

*Order affirmed, and*
*cause remanded.*

(Decided 26th February, 1879.)