# FRANK O. SINGER, JR.,

## *vs.*

# CHARLES I. JAMES.

*Injunctions: nuisances; hog pens, etc.*

A defendant may be enjoined from keeping or permitting to remain on his premises so great a number of fowl, hogs and dogs that their noise deprives the complainant and members of his family of the reasonable use and comfortable enjoyment of his adjacent property and dwelling house.        pp. 386-387

But if the cause of complaint has been abated or removed before the hearing of the application for an injunction to abate it, and there is no evidence of its recurrence, the injunction should not issue.                                              p. 387

An application for an injunction to restrain the defendant from permitting any foul odors or smells from any barn yard, cow yard, chicken yard, hog pen or stable on the defendant's property from passing on or into the plaintiff's property or dwelling house, is too broad and uncertain in its terms.   p. 387

Where a nuisance operates to destroy health or impair the comfortable enjoyment of property, an action at law furnishes no adequate remedy, and equitable protection by means of an injunction may be obtained.                                p. 386

The power to interfere by injunction to restrain a party from so using his own property as to destroy or materially prejudice the rights of his neighbors, is a well established ground of equitable jurisdiction.                                   p. 386

  *Sic utere tuo ut alienum non lædas.*                     p. 386


*Decided March 13th, 1917.*


Appeal from the Circuit Court for Baltimore County.   In Equity.   (DUNCAN, J.)


The facts are stated in the opinion of the Court.


The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.


*Mason P. Morfit,* for the appellant.


*Luther M. R. Willis* (with whom was *George R. Willis* on the brief), for the appellee.


BRISCOE, J., delivered the opinion of the Court.

The questions in this case, arise upon a bill in equity, filed by the plaintiff against the defendant, in the Circuit Court for Baltimore County, for an injunction to abate and to restrain the defendant from maintaining an alleged nuisance upon his premises adjoining those of the plaintiff.

The plaintiff is the owner of a tract of land, situate on the Frederick and North Bend road, near Catonsville, Baltimore County, and about a mile and a half from the limits of the City of Baltimore.   The property is improved by a large and commodious dwelling and other buildings and the dwelling is occupied by the plaintiff and his family, as a residence.

The defendant is the owner of a tract of land, adjoining the plaintiff's property improved by a dwelling house, in which the defendant resides with his family, and upon this property, he is engaged in the business of raising for sale poultry, hogs and dogs, the latter for exhibition in shows and also for sale.

The bill alleges that the defendant has now and has had for sometime past, confined within the narrow limits of a small lot, near the northeastern boundary line of his land and adjoining the property of the plaintiff, a large number of fowls, hogs and dogs, namely—five hundred or more chickens, two hundred or more ducks, fifty or more geese, a large number of guinea fowl and turkeys, also one or more dog kennels containing fifty or more dogs and several or more hog pens containing forty hogs, and that he also keeps and maintains on the premises one or more cows, calves and horses.

The bill then avers that by reason of the locality and of the proximity of the enclosures, wherein the property of the defendant is kept, the noises made by the fowls and hogs, the barking and whining of the dogs, have deprived the plaintiff and the members of his family of the reasonable use and enjoyment of his residence and dwelling house.

The bill further alleges that by reason of the erection of the several buildings and their enclosures, the odors and noxious smells coming from them and the lot of ground wherein the poultry and animals are confined, permeate and are constantly thrown in the dwelling house, and are to such an offensive extent, as to be injurious to the health of those occupying the dwelling house, and to deprive him of the comfortable enjoyment of the same.

The prayer of the bill is for a mandatory injunction requiring the defendant: First, to abate the nuisance of the noises and foul smells and odors, and also the nuisance of passing or flowing or permitting to pass or flow the drainage and foul matter or water from the defendant's hog pens and

stables into and on the land of the plaintiff; second, restraining and enjoining the defendant from keeping or permitting to remain on the premises a great number of fowls, hogs and dogs, save and except in such manner that the noises made by the same shall not deprive the plaintiff and the members of his family from the reasonable use and comfortable enjoyment of his property, and the dwelling house thereon; third, that the defendant, may be enjoined and restrained from causing or permitting foul odors or smells from the hog pens and stables on defendant's property to pass on and into the property of the plaintiff and his dwelling house; fourth, that a mandatory injunction may issue requiring the defendant, his servants and employees to cease from casting the drainage and foul matter or permitting the same to be cast or to pass or to flow into and on the lands of the plaintiff; and fifth, a prayer for general relief.

The defendant answered the bill, denying the existence of the nuisance, and the case was heard in open Court, upon bill, answer and proof. A decree was passed, granting the injunction and from that decree this appeal has been taken.

The decree, it will be seen, was divided into three parts, and an injunction directed to be issued as follows: "First, restraining and enjoining the defendant, from keeping or permitting others to keep or to remain on his premises, such a great number of fowls, hogs and dogs that the noise made by the same shall deprive the plaintiff and members of his family from the reasonable use and comfortable enjoyment of the plaintiff's property and dwelling house, mentioned in the bill of complaint; second, restraining and enjoining the defendant from causing or permitting any foul drainage, foul matter or water from flowing or passing from any barn yard, cow yard, chicken yard, hog pen or stable on the defendant's property over or into the plaintiff's property; and third, from causing or permitting any foul odors or smells from any barnyard, cow yard, chicken yard, hog pen or stable on defendant's property from passing on or into the plaintiff's property or dwelling house."

The averments of the bill and the proof in support thereof, as to the nuisance and injury complained of, are sufficient we think to bring this case within the authorities and to entitle the plaintiff to relief by injunction.

The law governing the right to an injunction to restrain a nuisance is well established by numerous decisions of this Court.

In *Woodyear* v. *Schaefer*, 57 Md. 12, it is said, it is well settled that where the nuisance operates to destroy health, or impair the comfortable enjoyment of property, an action at law, furnishes no adequate remedy and protection by injunction must be given.

In *Adams* v. *Michael*, 38 Md. 123, it was held, that the power to interfere by injunction to restrain a party from so using his own property as to destroy or materially prejudice the rights of his neighbor and thus to enforce the maxim *"sic utere tuo ut alienum non lœdas"* is not only a well established jurisdiction of the Court of Chancery but is one of great utility and which is constantly exercised.

In *Dittman* v. *Repp*, 50 Md. 522, it was said, in all such cases the question, is, whether the nuisance complained of will or does produce such a condition of things, as in the judgment of reasonable men, is naturally productive of actual physical discomfort to persons of ordinary sensibilities and of ordinary tastes and habits, and as, in view of the circumstances of the case, is unreasonable and in derogation of the rights of the plaintiff.

The principle of the cases referred to, has been adopted and followed by more recent cases of this Court. *Gallagher* v. *Flury*, 99 Md. 182; *N. C. Ry. Co.* v. *Oldenburg*, 122 Md. 244; *Euler* v. *Sullivan*, 75 Md. 618; *Henrickson* v. *Standard Oil Co.*, 126 Md. 578.

While, we think, under the facts of the case, the plaintiff was entitled to the relief against the noises made by the fowls, hogs and dogs, upon the defendant's premises, as directed in the first part of the decree, the objection urged

to the granting of the relief, by the decree, in the second and third parts of the decree, must prevail.

There was no proof to support an injunction for foul drainage passing from the defendant's property over and into the plaintiff's lands. The appellee testified that he withdrew the complaint, as to the drainage, that he had no objection to the situation so far as drainage was concerned, and that a nuisance in this respect, did not exist at the time the case was heard. The cause of the complaint in this respect had been remedied and removed before the trial of the case, and there was no evidence whatever that there would be a recurrence of the conditions complained of.

The third part of the decree directed an injunction restraining the appellant from permitting "any foul odors or smells from any barnyard, cow yard, chicken yard, hog pen or stable on defendant's property from passing on or into the plaintiff's property or dwelling house.

The words "any foul odors, etc.," used in this decree, are entirely too broad and uncertain in their effect. An injunction issued, according to this part of the decree, would be both mandatory and prohibitive in effect.

In *Chamberlain* v. *Douglas,* 24 N. Y. App. Div. 582, the Court held: Injunctions restraining the carrying on of a legitimate and lawful business should go no further than is absolutely necessary to protect the rights of the parties seeking such injunction. When a person is engaged in carrying on such business he should not be absolutely prohibited from doing so, unless it appears that the carrying on of such business will necessarily produce the injury complained of. If it can be conducted in such a way as not to constitute a nuisance then it should be permitted to be continued in that manner.

In *McMenomy* v. *Baud,* 87 Cal. 138, where the second part of an injunction restrained the defendant from operating "any foundry or machinery shop, boiler or engine, causing noises, smoke or effluvium, injurious to health, offensive to the senses or an obstruction to the free use of the plaintiff's

property described herein," the Court said this part of the injunction was too general, because it was not confined to such noises, smoke and effluvium as shall be injurious to the health or offensive to the senses of the plaintiff or to the occupants of his property.

In *Ballentine* v. *Webb*, 84 Mich. 38, the Court, in granting relief in an injunction proceeding, in a modified form, held that the decree was defective in failing to specify what defendant is required to do in order to comply with its requirements. To adjudge that he is so to conduct his business as not to be offensive is to give him no rule of conduct which the law had not before prescribed. The decree should have specifically pointed out the things that he is required to do and to refrain from doing, in order to abate the nuisance which the Court found to exist. *Trulock* v. *Merte,* 72 Iowa, 510; *Wade* v. *Miller,* 188 Mass. 6; *Miller* v. *Edison Co.,* 66 N. Y. App. Div. 470.

It is apparent, from what we have said, that the decree in this case was correct in all other respects, but will have to be modified as indicated herein.

We shall, therefore, affirm the decree in part and reverse in part and remand the cause for a decree as herein indicated, each party to pay one-half of the costs in this Court, the costs below to abide the result of the suit.

> *Affirmed in part and reversed in part, each party to pay one-half of the costs in this Court; the costs in the Court below to abide result of the trial.*