# THE HAMILTON CORPORATION ET AL.

*vs.*

## ELLA S. M. JULIAN ET AL.

*Nuisances*: *prospective; moving picture theatres; bowling alleys; injunction.*

In general, an injunction will be issued to restrain only an actual, existing nuisance; but where it can be plainly seen that acts about to be done will, when completed, certainly constitute a grievous nuisance, equity will interfere, without waiting for the actual commission of the nuisance, provided the circumstances enable the court to form an opinion as to the illegality of the acts complained of and that irreparable injury will thence issue.                                                    p. 601

Bowling alleys and moving picture theatres, conducted for the public, are not nuisances *per se;* they may become such in localities where they create a disturbance, to the serious annoyance and physical discomfort of persons of ordinary sensibility living in the neighborhood.                                          p. 601

The object of the writ of injunction is preventive, and is to ward off injury.                                                p. 601

A bill for an injunction to restrain the erection of a moving picture theatre and bowling alley in an exclusively residential neighborhood, if it contain proper averments, is not demurrable.                                              pp. 601-602

*Decided June 26th, 1917.*

Appeal from the Circuit Court of Baltimore County.  In Equity.  (DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER and STOCKBRIDGE, JJ.

*John B. Gontrum* (with whom were *Henry B. Mann* and *John S. Biddison* on the brief), for the appellants.

*C. M. Armstrong* (with whom was *J. Elmer Weisheit* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is a bill in equity brought by the appellees against the appellants, in the Circuit Court for Baltimore County, for an injunction to enjoin and restrain the defendants from erecting, maintaining and conducting a bowling alley and a moving picture theatre building upon its lot in the village of Hamilton, in Baltimore County.

The defendant is a corporation duly incorporated under the laws of the State of Maryland, and its incorporators reside and own a lot in the village of Hamilton, adjoining the plaintiffs' property.

The plaintiffs are also residents of Hamilton, and own a lot therein, improved by a dwelling house, which they occupy as a home, and where they also conduct a boarding house as a means of livelihood.  The lot is described as situate on the southwesterly side of Hamilton avenue, having a frontage on this avenue of about fifty feet and extending thence southwesterly with an even width of fifty feet, about two hundred and fourteen and two-tenth feet and designated as lot number 8 on the plat of the land of the Lauraville Hall and Land Company of Baltimore County.

The bill alleges that the village of Hamilton is exclusively a residential suburb of Baltimore City and that the section

of the plaintiffs' residence is exclusively a residential neighborhood, except several places of business necessary and suitable for the accommodation of the residents of the community, and that these by their ordinary and proper use are not calculated to interfere with or impair the reasonable use and enjoyment of property in the neighborhood by the owners and occupants thereof.

The bill then avers that the defendant corporation is erecting and constructing on its lot adjoining the plaintiffs' property a building in which they are going to conduct public bowling alleys for profit; that the building is of large dimensions, over a hundred feet in length and by fifty feet in width, and is within twenty-five feet of plaintiff's dwelling house; that this building is not susceptible of any other use, and that this use will impair the reasonable enjoyment of the plaintiffs' property as a residence and a boarding house.

The bill further charges that the defendant is also about to erect and construct on its lot another building where they will conduct a moving picture theatre, and this building will be within twenty-one feet of plaintiffs' dwelling and that the uses to be made of both buildings, with the noises incident to such places, will work a special injury to the plaintiffs and their property. That both the bowling alleys and theatre to be located and operated in the manner and way as proposed will deprive them of the reasonable use and enjoyment of their property rights, render it untenable as a home for themselves and destroy its use and benefit as a means of support for them and make it undesirable and unavailable as a place of residence for their boarders and lodgers and greatly impair its value.

The prayer of the bill is for an injunction restraining and enjoining the defendant, the Hamilton corporation:

(1) From establishing, maintaining or conducting a bowling alley, or bowling alleys, upon the lot in the village of Hamilton, in the Fourteenth Election District of Baltimore

County; designated as lot number 9 on said plat of the Lauraville Hall and Land Company of Baltimore County.

(2) That the defendant be enjoined from establishing, maintaining or conducting or causing to be established, maintained or conducted upon the lot a moving picture theatre.

(3) That the defendant be commanded and required to remove immediately the bowling alley building now being erected by them upon the lot, and enjoined from erecting hereafter a bowling alley building thereon.

(4) That the defendant be enjoined from erecting or constructing on the lot a moving picture theatre building.

(5) And for other and further relief as their case may require.

Subsequently the case was heard upon the bill and a demurrer thereto, and from an order of court passed on the 18th day of December, 1916, overruling the demurrer to the bill with leave to answer, this appeal has been taken.

The cause and grounds of the demurrer are stated to be:

1. That the plaintiffs have not stated in their bill such a case as entitles them to any relief in equity against this defendant.

2. That the allegations of the bill are too general, vague, uncertain, indefinite, argumentative and inferential to require this defendant to answer the same or to entitle the plaintiffs to any relief in the premises.

The object of the bill, it will be seen from its recitals, is in substance to enjoin and restrain a prospective, probable or threatening nuisance, and the single question here involved is whether its averments of fact, as admitted by the demurrer to be true, are sufficient to entitle the plaintiffs to the relief sought by the bill.

The rules of law controlling the rights of parties under similar facts and circumstances alleged by the bill in this case have been settled by numerous decisions of this Court.

In *Adams* v. *Michael,* 38 Md. 123, it is said: "The general rule is, that an injunction will be granted to restrain

only an actual existing nuisance; but where it can be plainly seen that acts which, when completed, will certainly constitute or result in a grievous nuisance, or where a party threatens, or begins to do, or insists on his right to do, certain acts, the Court will interfere, though no nuisance may have been actually committed, if the circumstances of the case enable the Court to form an opinion as to the illegality of the acts complained of, and that irreparable injury will ensue." *Dittman* v. *Repp,* 50 Md. 516; *Chappell* v. *Funk,* 57 Md. 465; *Fertilizer Co.* v. *Spangler,* 86 Md. 569; *Hendrickson* v. *Standard Oil Co.,* 126 Md. 578; *Singer* v. *James,* 130 Md. 382.

While it is true that bowling alleys and moving picture theatres kept and conducted for profit are not nuisances *per se,* but they may be and may become so in certain places when they create a disturbance to the serious annoyance and physical discomfort to persons of ordinary sensibilities living in the neighborhood. 29 *Cyc.* 1154, 1183, 1168; *Harrison* v. *The People,* 101 Ill. App. Court, 224; *Cleveland* v. *Citizens Gas Co.,* 20 N. J. Eq. 201; *Tuttle* v. *Church,* 53 Fed. R. 426; *Appeal of Ladies Decoration Art Club* (Pa.), 13 Atlantic, 539.

In *Miley* v. *A'Hearn* (Ky.). 18 S. W. R. 530, the Court held that in similar cases a party is not required to wait until the injury is inflicted. The object of the writ is preventive and it wards off the injury. The case must be a clear one, but if the danger be probable and threatening and likely to ensue, the aid of the Court may be invoked. *Broder* v. *Saillard,* 2 Ch. Div. 692; *Ball* v. *Ray,* 8 Ch. App. 471; *Crump* v. *Lambert,* L. R. 3 Equity Cases, 409; *St. Helen's Smelting Co.* v. *Tipping,* 11 H. L. Cases, 642.

In the present case, the averments of the bill are sufficient, if they can be sustained by the proper proof, to warrant the granting of the relief sought by the bill.

The real question in all such cases, as stated by the authorities, is whether the nuisance complained of will or does pro-

duce such a condition of things as in the judgment of reasonable men, is naturally productive of actual physical discomfort to persons of ordinary sensibilities and of ordinary tastes and habits, and as in view of the circumstances of the case is unreasonable and in derogation of the rights of the party.

A prospective or threatening nuisance is subject to the same test and against which a party would have clear right to preventive relief in equity.

In view of the averments of the bill in this case and in the absence of answer and proof, we must hold upon the authorities that the Court below was entirely right in overruling the demurrer, and in requiring the defendant to answer the plaintiffs' bill.

> *Order affirmed, the appellant to pay the costs.*