FILLMORE COOK ET AL. *v.* NORMAC CORPORATION.

[No. 46, January Term, 1939.]

*Decided March 8th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Wirt A. Duvall, Jr.,* and *Wendell D. Allen,* with whom were *Harry Troth Gross* and *Alexander Gordon III* on the brief, for the appellants.

*William L. Marbury, Jr.,* and *C. Alex. Fairbank, Jr.,* with whom was *G. Van Velsor Wolf* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appellants sued in equity below as owners of a moving picture theater in Baltimore, and as taxpayers, to restrain the erection and use of another and larger moving picture theater opposite their property, on the other side of the street, on the ground that it was being erected without the municipal permits required by law, and would therefore subject them to unlawful competition and diminish the value of their property unlawfully. The respondent filed a combined answer and demurrer to the bill of complaint, and the demurrer was sustained and the bill dismissed. The appellants brought the suit on behalf of themselves alone. It is not a suit in representation of taxpayers generally or of any class, and the ground of complaint is limited to their own injury. *Kenneweg v. Allegany County,* 102 Md. 119, 129, 62 A. 249; *Sun Cab Co. v. Cloud,* 162 Md. 419, 427, 159 A. 922.

The bill averred that their property, designed and used exclusively as a moving picture theater since 1910, can be used for no other purpose except by very expensive alterations of doubtful practicability; that the respondent's theater was, at the time of filing the bill, being erected without any lawfully issued permission and in violation of two city ordinances now in section 40 of article 3 of the City Code of 1927; that the complainants were damaged as taxpayers and owners especially and irreparably; and that the value of their property would be diminished because of the illegal competition resulting from the acts of the respondent unless those acts should be enjoined. The damage averred, more particularly, was the loss of revenue from diversion of patrons, and loss of position in choice of films by reason of the producers' preference of the competing theater built to accommodate larger, and hence more profitable, attendance. The prayers are that the respondent be enjoined from erecting, constructing, converting, building, or using its theater, and that the work on it be prosecuted no further. In the argument it has been stated that the work has been completed during the time occupied by the

litigation, and that fact would foreclose any question of stopping it; the question would be moot. *Baldwin v. C. & P. Telephone Co.*, 156 Md. 552, 144 A. 703; *Iverson v. Jones*, 171 Md. 649, 187 A. 863.

The ordinances specified as those with which the respondent did not comply form part of the building code of the city, and provide that no permit for the erection of any kind of enclosure for moving picture shows shall be issued until approved by the Mayor and City Council by ordinance passed after advertisement of it, and that when a permit shall be so granted it shall be used within two months or shall become void.

Private individuals cannot redress the mere public wrong from disregard of the ordinances; they can have relief only against damages to themselves distinct in character from any to the public. *Ruark v. Engineers Union* 157 Md. 576, 588, 146 A. 797; *Hanlon v. Levin*, 168 Md. 674, 682, 179 A. 286; *Bauernschmidt v. Standard Oil Co.*, 153 Md. 647, 651, 139 A. 531; *Diggs v. Morgan College*, 133 Md. 264, 105 A. 157. And the same principle applies if the act in violation of the law be classed as a nuisance; private individuals could have redress for only their separate special injury. *Hamilton Corp. v. Julian*, 130 Md. 597, 601, 101 A. 558. A moving picture theatre is not in itself a nuisance, however, and would not become one merely by violation of an ordinance in its erection. "The existence of a nuisance cannot be predicated solely upon violation of a municipal ordinance when the act prohibited is in itself indifferent and no duty exists apart from the ordinance." *Field v. Gowdy*, 199 Mass. 568, 573, 85 N. E. 884.

The special injury averred here is only that which may result from competition of the new theater in the same neighborhood. But mere competition is not an evil which business men may enjoin as a wrong to them. Competition without full compliance with the law has been enjoined at the suit of private individuals, but only under some conditions; a principle upon which the relief may be permitted seems generally agreed upon, although

courts have differed in its applications. *Dvorine v. Castelberg Jewelry Corp.,* 170 Md. 661, 668, 185 A. 562; 81 *A. L. R.* 292; 92 *A. L. R.* 173; *Fitchette v. Taylor,* 191 Minn. 582, 254 N. W. 910; *State v. Fray,* 214 Iowa 53, 241 N. W. 663; *Neill v. Gimbel Bros.,* 330 Pa. 213, 199 A. 178; *Seifert v. Buhl Optical Co.,* 276 Mich. 692, 268 N. W. 784; *McMurdo v. Getter* (Mass. 1937), 10 N. E. 2nd 139. It is allowable only to preserve an exclusive privilege or advantage which the law gives, as, for instance, that to a class of persons admitted to a business or profession by reason of special qualifications for it, or to those who exercise a franchise from the government. The *Restatement of Torts,* vol. 3, sec. 710, finds the rule to be that, "One who engages in a business or profession in violation of a legislative enactment which prohibits persons from engaging therein, either absolutely or without a prescribed permission, is subject to liability to another who is engaged in a business or profession in conformity with the enactment, if, but only if, (a) one of the purposes of the enactment is to protect the other against unauthorized competiton, and (b) the enactment does not negative such liability." And see 81 *A. L. R.* 292, and 92 *A. L. R.* 173. "When a person seeks either damages or an injunction on account of the violation of a duty imposed by law, he must show that the duty is owed to him, and if it be a statutory duty, he must show that the statute was enacted for his advantage or for the advantage of a class to which he belongs." *Mosig v. Jersey Chiropodists, Inc.,* 122 N. J. Eq. 382, 194 A. 248, 249. The observation of this court in *Balto. Retail Liquor Package Stores Assn. v. License Commissioners,* 171 Md. 426, 429, 189 A. 209, 210, that dealers in intoxicating liquors "are not entitled in law to any advantage in a restricted number," is in accord with the rule so stated, especially when the mere permission which liquor dealers have by their licenses is considered. *Fell v. State,* 42 Md. 71, 89; *Clark v. Tower,* 104 Md. 175, 181, 65 A. 3; *Ruggles v. State,* 120 Md. 553, 560, 87 A. 1080.

The court is clear that the requirements of the building code to which reference is made are concerned with fire and other hazards in a theater, and are not at all intended to confer privileges or advantages on owners of other theaters. *Brown v. Stubbs*, 128 Md. 129, 97 A. 227. If a privilege or advantage to others had been intended, there might remain a question of a right in the owners of one other theater to sue alone. "In the cases not governed by statute in which licensed practitioners have been successful in restraining the unlicensed practice of a profession, the bill has been brought on behalf of the entire class of licensed practitioners." *Steinberg v. McKay* (Mass. 1936), 3 N. E. 2nd 23, 24. This and other possible objections need not be discussed further.

*Decree affirmed, with costs.*