## GLEN BURNIE IMPROVEMENT ASSOCIATION, INC. ET AL. v. STATE APPEAL BOARD ET AL.

[No. 154, October Term, 1956.]

*Decided May 30, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Lawrence B. Coshnear,* with whom were *Louis M. Strauss* and *David Friedman* on the brief, for the appellants.

*Alexander Harvey, II, Assistant Attorney General,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for the State Appeal Board.

*Theodore G. Bloom,* with whom were *Albert J. Goodman* and *Wilbur R. Dulin* on the brief, for Mr. Davis.

BRUNE, C. J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Anne Arundel County dismissing appellants' bill of complaint. The complainants and appellants are Glen Burnie Improvement Association, Inc. ("Improvement Association"), Thomas Brayshaw and Adeline Brayshaw, his wife (both referred to below as "Brayshaw"). Thomas Brayshaw and others were protestants at a hearing on November 15, 1955, before the Board of License Commissioners of Anne Arundel County ("License Commissioners"), which was held to consider an application for a "Class LTM and Sunday License" for the sale of alcoholic beverages sought by G. Nelson Davis ("Davis"). The License Commissioners, after the hearing, passed an order on November 22, 1955, granting the license, and an appeal was then taken to the State Appeal Board ("Appeal Board") by Thomas Brayshaw and some twelve other individuals, pursuant to Code (1951), Article 2B, Section 168. A hearing on that appeal was held on January 12, 1956, and on January 19, 1956, the Board affirmed the decision of the License Commissioners. Shortly thereafter, on February 7, 1956, the appellants filed their bill of complaint in the Circuit Court for Anne Arundel County, in Equity, in which they charged that the action of the Board

in upholding the decision of the License Commissioners to grant Davis a license to sell alcoholic beverages was arbitrary, capricious and unlawful, and they sought a judicial review of the actions of the License Commissioners and the Board, a reversal of the action of the License Commissioners and an injunction to enjoin the issuance of the above license to Davis. The appellees demurred to the bill of complaint and the court sustained the demurrers on the ground that the appellants had failed to allege "special damage sustained by them differing in kind and character from that which might be sustained by the general public, and, therefore, they have no standing in a court of equity." This order granted the complainants leave to amend but they filed a "petition" stating their refusal or inability to amend and suggesting that the court make a final order on the bill, from which they might appeal. The Chancellor thereupon entered an order dismissing the bill, and the complainants appealed.

The complainants filed as an exhibit with their bill a transcript of the testimony at the hearing before the Appeal Board, (though we find no reference to this exhibit in the bill). The case is presented on demurrers, and we shall not undertake to evaluate the testimony, but will assume for present purposes that the allegations of the bill are correct which assert that the action of the Appeal Board in affirming the License Commissioners was arbitrary and contrary to law. The question then presented is whether or not the appellants have alleged sufficient facts in their bill of complaint to entitle them to maintain their suit in a court of equity to enjoin the unlawful grant of a license.

The specific violations of the applicable liquor licensing law (Code (1951), Article 2B, Section 44 (a)) which the appellants assert are: (1) that the so called "grandfather clause" did not authorize the licensing of the premises in question because a license issued prior to June 1, 1939, had covered a building next door, but not the same premises; and (2) that a new license without benefit of the grandfather's clause would contravene the statute, since the premises for which the license was granted are within a thousand feet of a church (in fact, of three churches) and of a public school.

The appellants seek to support their standing to maintain this suit in equity by certain provisions of Article 2B of the Code (1951), which deal with the right to be heard by the License Commissioners (Section 57 (a)) and the right to appeal to the Appeal Board (Section 168). This involves them in some difficulties. Section 57 (a) states that "any person" shall be heard by the License Commissioners; but, for an appeal to the Appeal Board, Section 168 requires the joinder of "not less than ten citizens, voters and real estate owners, residing in the precinct or voting district in which the place of business is located or proposed to be located." (On the other side of the picture, the same Section permits an applicant for a license, or a licensee seeking a renewal to appeal alone.) Thus, under Section 168, the statutory right to be heard conferred by Section 57 (a) upon the Church which the Brayshaws purport to represent and upon the Improvement Association is cut off at the level of the local board, the License Commissioners; and the rights of individual protestants to appeal to the Appeal Board are made subject to important numerical and residential requirements. Cf. *Brashears v. Lindenbaum*, 189 Md. 619, 56 A. 2d 844, involving similar provisions of Section 166 of Article 2B, dealing with appeals to courts in those political subdivisions of the State where judicial review of the action of Liquor License Commissioners is provided for by statute. In the instant case the only appeal provided for is to the Appeal Board. Section 166 (a) of Article 2B states that the decision of the State Appeal Board shall be final.

Accordingly, we find nothing in the statutes applicable to the present case which suggests any intention on the part of the General Assembly to confer upon persons who were or might have been protestants at the hearing before the License Commissioners any right, and certainly no special right, to judicial review. On the contrary, the complete absence of any statutory provision for judicial review applicable to the present case seems to make it clear that whatever rights to such review the appellants may possess are no greater than those enjoyed generally by any persons who may be aggrieved by unlawful administrative action. Those rights are themselves limited, as we shall point out below.

It is true that even in the absence of a provision for ju-- dicial review of the action of an administrative agency, in this State, "Courts have the inherent power, through the writ of mandamus, by injunction, or otherwise, to correct abuses of discretion and arbitrary, illegal, capricious or unreasonable acts; but in exercising that power care must be taken not to interfere with the legislative prerogative, or with the exercise of sound administrative discretion, where discretion is clearly conferred." *Hecht v. Crook,* 184 Md. 271, 280-281, 40 A. 2d 673. See also: *Weer v. Page,* 155 Md. 86, 141 A. 518; *Federico v. Bratten,* 181 Md. 507, 30 A. 2d 776; *Heaps v. Cobb,* 185 Md. 372, 45 A. 2d 73; *Mahoney v. Byers,* 187 Md. 81, 48 A. 2d 600; *Cromwell v. Jackson,* 188 Md. 8, 52 A. 2d. 79. All of these cases are, however, distinguishable from the instant case because in each one the complaining party had a special interest in the object in the suit differing in character and kind from that of the general public.

This brings us back to the crux of the case, for there is still the question of whether or not the complainants have shown that they will suffer any special injury or damage different in character and kind from that which the general public will suffer from the illegal action in question. In the absence of such a showing, the complainants are not entitled to relief. See *Houck v. Wachter,* 34 Md. 265; *Crook v. Pitcher,* 61 Md. 510; *Davidson v. Baltimore,* 96 Md. 509, 53 A. 1121; *Turner v. King,* 117 Md. 403, 83 A. 649; *Hamilton Corporation v. Julian,* 130 Md. 597, 101 A. 558; *Bauern- schmidt v. Standard Oil Co.,* 153 Md. 647, 139 A. 531; *Cook v. Normac Corp.,* 176 Md. 394, 4 A. 2d 747; *Ellicott v. Balti- more,* 180 Md. 176, 23 A. 2d 649; *Weinberg v. Kracke,* 189 Md. 275, 55 A. 2d 797; *Crozier v. Prince George's County,* 202 Md. 501, 97 A. 2d 296; *Loughborough Development Corp. v. Rivermass Corp. et al.,* 213 Md. 239, 131 A. 2d 461. The first two of these cases involved actions at law for dam- ages for the obstruction of highways. In some of the others, the rule here stated was recognized, but there was a suffi- cient showing of special damage as in the *Hamilton Corpora- tion* and *Weinberg* cases (nuisances impairing value) and in the *Crozier* case (impairment of value of nearby property-

through a change in the type of residential zoning). The complainants concede that they have not alleged the infringement of their private property rights. As to the Brayshaws, they allege only that they are residents of the community and that they "represent" one of the churches within a thousand feet of the premises involved. Why the Church itself is not a party is not stated. As to the Improvement Association, the bill alleges that it is a community association supported by the residents of Glen Burnie, that it acts for and on behalf of residents of Glen Burnie, "and promulgates and sponsors the improvement of streets, sidewalks, playgrounds, Boy Scout activities and communal interest * * * directly related to the health, welfare and safety of said community and its residents and is the owner of a large carnival ground, Boy Scout Headquarters and playground across the road from the property * * * sought to be licensed for the sale of alcoholic beverages * * *." From these allegations, the complainants argue that it is "self-evident" that they "have a substantial interest to protect, to wit, attending the church of their choice on Sunday, sending their children to the public school and insuring for their children a clean, wholesome and safe place to play— without the intrusion of the atmosphere and disorderliness of a saloon." None of these arguments seem available to the Improvement Association, a corporation. Its interest is not established by whatever may be the interest of its members (*Windsor Hills Improvement Ass'n v. City of Baltimore*, 195 Md. 383, 73 A. 2d 531), and no special damage to either the corporate or individual complainants is shown which differs in character and kind from that which might be sustained by the general public. For that reason the learned trial judge sustained the demurrers of the appellees. The leave to amend which he granted was declined by the complainants. We take it that they have stated their full case. We agree with the trial judge that they have not shown any special injury or damage different in character and kind from that which might be sustained by the public generally, and hence conclude that he was correct in dismissing the bill.

The appellants have not sought to press any claim as taxpayers and state that they do not "seek judicial review as taxpayers *per se*."

In view of our holding that the appellants have not shown special damage entitling them to relief in equity, it is unnecessary to pass upon the Appeal Board's claim of the State's immunity from suit without its consent.

It follows from the above views that the order dismissing the bill should be affirmed.

*Order affirmed, with costs.*