BAILEY, ET AL. *v.* MILLER, ET UX.

[No. 109, September Term, 1963.]

*Decided December 10, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*John H. Mitchell,* with whom were *Edward S. Digges* and *Digges & Mitchell* on the brief, for appellants.

*George W. Bowling,* with whom were *Bowling & Perrin* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

The appellants, who operate a sawmill in Charles County close to the residence of the appellees, have appealed because aggrieved at having been held in contempt of court for failing to comply with a decree which enjoined them from operating their mill "in such a manner as to create noise of such volume and quantity as to deprive the Plaintiffs and members of their

family from the reasonable use and comfortable enjoyment" of their dwelling house.

The decree enjoining the making of excess noise was passed on September 27, 1962. No appeal was taken by the sawmill operators, who attempted to correct the conditions complained of by engaging the services and procuring the advice of an acoustical expert and following his recommendations to replace a diesel engine with an electric motor and to insulate and muffle other noisy machines by building walls around them. Two months after the passage of the enjoining decree, the appellees filed a petition alleging that the appellants had not ceased creating loud noises of such volume and amount as to deprive the appellees and their family from the reasonable use and comfortable enjoyment of their dwelling house, and praying that the appellants be adjudged in contempt.

Before passing the original decree, the court heard testimony of an expert and of the owners and occupants of the dwelling house that the noise created by the operation of the sawmill was so much beyond the limits of reasonable tolerance as to diminish the value of the complainants' property as a dwelling materially and to interfere seriously with ordinary enjoyment of it and with comfort in its use. The chancellor recognized that the sawmill, which had cost some $200,000, employed thirty-five men and made a significant contribution to the economy of the County, was a lawful business, operating on land zoned to permit the use. He found that the noise it made constituted "a nuisance which the plaintiffs could not be charged with anticipating when they purchased their property and which was brought to the community by the defendants." He concluded that the noise could be controlled and gave the sawmill operators an opportunity "to determine their own choice of corrective measures."

After the filing of the homeowners' petition seeking citation of the mill owners for contempt, Judge Powers received testimony from the parties and an expert produced by the mill owners, who told of the measures taken to reduce the noise and his decibel evaluations which showed to him that it was perhaps at the limit of tolerance but not beyond, and, with the permis-

sion of both sides, visited the site and watched and listened to the mill in operation. The chancellor concluded that an effort had been made to abate the nuisance he previously had found to exist, but that "the noise from the operation of the plant still constitutes a nuisance and was of such volume and quantity as to deprive the plaintiffs and members of their family from the reasonable use and comfort and enjoyment of their property and dwelling house in violation of the decree of September 27, 1962." The defendants were adjudged in contempt and given thirty days in which to purge themselves. When the defendants appealed, the order was stayed until final determination of the appeal by this Court.

Appellants seemingly feel that they have done all they can reasonably be asked to do to diminish noise, and they translate this feeling into two contentions in this Court. First, they say the original decree and the contempt order flowing from it were too general in that they provided no guides as to the steps to take to accomplish the result required, and second, that the evidence was insufficient to justify the finding that they were in contempt.

The original decree required the appellants not to operate their sawmill in such a manner as to create noise which deprives the complaining neighbors of "the reasonable use and comfortable enjoyment" of their home. The language used, or language substantially identical, has been held not to be too general. *Singer v. James,* 130 Md. 382; *Swimming Club v. Albert,* 173 Md. 641; *Washington Cleaners v. Albrecht,* 157 Md. 389. *Cf. Five Oaks Corp. v. Gathmann,* 190 Md. 348. In any event the appellants are hardly in a position to challenge the original decree. Not only did they not appeal from it and so permit it to become the law of the case and finally binding upon them, *Sheets v. City of Hagerstown,* 204 Md. 113, 124, but they attempted to comply with it in a manner which showed recognition of what constituted appropriate corrective measures.

We think the evidence on which the chancellor acted in finding that the appellants had not done all they reasonably could to obey the original decree was amply sufficient to support his finding. For example, appellants did not enclose completely a particularly noisy piece of machinery, as an expert had advised.

142

The chancellor, at the scene, saw the efforts which had been made to reduce the noise and was able to test the validity of the homeowners' complaints that there had not been a significant reduction since the original decree by personally judging its current volume and effects. Under the circumstances, we cannot say that his findings of fact were clearly erroneous or that his holding that the appellants were in contempt was wrong. In effect appellants stood on the position that they could not do more than they had done to attempt to abate the noise, and this amounted to a refusal to obey the original order of the equity court, a refusal which justified the citation for contempt.

*Decree affirmed, with costs.*