ATLANTIC CITY GAS AND WATER COMPANY

*v.*

CONSUMERS' GAS AND FUEL COMPANY et al.

[Decided September 9th, 1905.]

1. Under the general act authorizing the incorporation of gas companies, main or distributing pipes should be laid at a horizontal distance of four feet apart, and wherever it becomes necessary to cross the main or distributing pipe of another company, the crossing should be made under that pipe and twelve inches therefrom, and service pipes should be laid so as not to interfere with present or future supply pipes of any water or gas company or interfere with or increase the expense of replacing, removing or repairing the supply pipes or apparatus of any water or gas company, and the proximity of a main to a service pipe is not limited beyond the restriction not to interfere with other pipes.

2. A gas company is not entitled to restrain a competing company, organized under the general act, from laying its mains in violation of such act, in the absence of special damage to complainant, either partially accomplished or threatened. A disregard of the limitations of its charter by a corporation may subject it to restraint, or forfeiture of its franchises, at the suit of the state, but the right of a private party to intervene must rest upon some special damage to it.

On bill for injunction.

*Mr. Clarence L. Cole* and *Mr. Robert H. McCarter,* attorney-general, for the complainant.

*Mr. John C. Reed, Mr. George A. Bourgeois* and *Mr. Charles L. Corbin,* for the defendants.

BERGEN, V. C.

The complainant, under a special charter granted by the legislature in 1874, has since that time been manufacturing and selling illuminating gas to the city and inhabitants of Atlantic City. The defendants, recently incorporated under the general act regarding corporations of like character (*P. L. 1876 p. 309*),

is now engaged in laying its mains and pipes in the same city, intending to enter into competition with the complainant. After the work of installation had progressed for a day or two, the complainant filed its bill, asking that the defendants be restrained from placing its gas pipes in the streets of the city otherwise than in strict compliance with section 21 of the act under which it was incorporated. An order to show cause was allowed, on the return of which affidavits were read by the respective parties on a motion for a preliminary injunction.

The section of the act invoked to support this bill provides that all pipes that may be laid by any corporation organized under the act shall be placed at the greatest practicable distance from the nearest part of any other gas pipe then laid,

"and shall be laid at a horizontal distance of four feet at least from the nearest part of any such water or gas pipe, unless in cases where it shall be unavoidably necessary to lay the gas pipe across or nearer to any water or gas pipe, in which case the said gas pipe shall be laid under the said water or gas pipe at the greatest practicable distance therefrom, this distance in no case to be less than twelve inches, and shall form therewith a right angle, or as near thereto as the situation will admit, and in no case shall any pipe be laid, or apparatus used that will interfere in any way either with the present or future supply pipes of any water or gas company, or that may interfere with or increase the expense of replacing, removing or repairing the supply pipes or apparatus of any water or gas company."

The complainant insists that the restrictions contained in this act are conditions imposed upon the corporate conduct of the defendants, and that any violation of its terms by the defendants creates a situation where it becomes permissible for the complainant to have the aid of this court in restraining the defendants from placing its pipes in the streets of Atlantic City, unless they are laid according to the letter of the act, without necessity on the part of the complainant to show that it suffers any special damage resulting from the want of such strict compliance. Under this view the complainant would have a standing in this court for the purpose now claimed if the pipes of the defendant company were laid within four feet horizontally of any gas or water pipe of a third party.

In my judgment, the construction contended for by the complainant is not the law. A disregard by the defendants of the conditions and limitations of its charter may subject it to the liability of a restraint, or even the forfeiture of its franchise, at the suit of the state, but the right of a private party to successfully intervene must be founded upon some special damage to it, either partially accomplished or threatened, and that if the defendants have been guilty of a breach of their statutory duty, their misconduct must result in legal injury to the complainant to justify the interference of this court. *Jersey City Gaslight Co.* v. *Consumers' Gas Co., 40 N. J. Eq.* (*13 Stew.*) *427, 432.* The conclusion which I have reached on this branch of the case renders it necessary that I should determine whether any such special injury has been shown sufficient to justify the ordering of a preliminary injunction.

The affidavits in support of the bill of complaint show that the main or distributing pipe of the defendants was at two points laid over and in direct contact with the pipes of the complainant; that at six other points where it crossed the pipes of the complainant, defendants' main was laid within twelve inches of complainant's pipe; but it also appears that, with perhaps the exception of the pipe on Logan avenue, all of the conduits described in the bill of complaint as pipes are service or supply pipes, used for conducting the gas from complainant's main or distributing pipe to the buildings of consumers. The pipe on Logan avenue is shown to be a small one running from the main of the complainant to a dead end, from which pipe service is made to eight or nine dwellings along Logan avenue. It was on the argument insisted that this use brought this pipe under the denomination of a main, but it is unnecessary to determine this question, for, in my judgment, the complainant has not shown that it has been or is likely to be injured by the construction put down by the defendants at this place.

The affidavits submitted by the defendants in opposition to the allowance of the restraint show beyond question that in the laying of their mains they have, to the best of their ability, observed, except as to service pipes, the requirement of the law

that they should not place such pipes within a horizontal distance of four feet from any other pipe.   These affidavits are so strong and clear as to completely overthrow any contrary charge made by the complainant.   The complainant, however, insists that the words "all pipes," at the beginning of section 21, applies to every character of pipe, whether distributing conduits or service pipes, and that both classes fall under the condition requiring pipes to be laid at least four feet apart, horizontally, except in cases where that is impracticable.   I do not so interpret this section.   On the contrary, my understanding of the legislative will, as gathered from the act, is that main or distributing pipes should be laid at a horizontal distance of four feet apart, and that wherever it becomes necessary to cross the main or distributing pipe of another company, the crossing must be made under that pipe and twelve inches therefrom, and that the legislative intent with regard to service pipes is expressed in the clause—

"and in no case shall any pipe be laid or apparatus used that will interfere in any way either with the present or future supply pipes of any water or gas company, or that may interfere with or increase the expense of replacing, removing or repairing the supply pipes or apparatus of any water or gas company,"

and, in my opinion, the proximity of a main or distributing pipe to a service pipe is not limited or controlled beyond the restriction not to interfere with it in the manner described in the act. As the complainant has not made it appear that any such interference exists, except as to one point, to which I will refer, it follows that, as no injury has been suffered by the complainant or is threatened by the future acts of the defendants, no reason exists justifying a preliminary injunction.   It did appear that at one point the pipes were so closely laid as to perhaps warrant the inference that there might be some interference with the repair of complainant's pipe, but that single instance constitutes no such irreparable injury as to justify the restraint of this public work.   The case shows that during the progress of the whole of this work the complainant had a representative present, who made no objection at the time, and I entertain no doubt but that the defendants would have avoided this interference if complainant's inspector had at the time called attention to it.

The case as presented convinces me that the position of the complainant is not that of one honestly desiring to protect its property from injury, but rather to harass and delay, and if possible prevent, the installation of a competing plant, a position opposed to public policy and entitled to but scant recognition in a court of equity. To uphold the broad claim of this complainant would practically prevent the construction of another gas plant in Atlantic City, leaving the complainant an exclusive monopoly, in disregard of section 25 of the act under consideration. In considering the good faith of this complainant, we ought not to overlook the fact, so clearly disclosed by the affidavits, that it absolutely refused to furnish the defendants with any knowledge it possessed regarding the location of its pipes in the streets. It is hardly to be conceived that a company having the exclusive franchise for supplying gas to a city as large as Atlantic City has no maps or plans showing the location of its pipes, but whether it has such plans or not, its officers surely know the approximate location of its pipes, and this knowledge they refused to defendants when they applied for the information. The work of the defendants was commenced on the 2d day of August last. On August 4th they served upon the complainant a notice reciting that they proposed to begin the work of laying a new gas main on Indiana avenue on the 7th day of August, three days following; that they did not intend to lay any main within four feet of the main of the complainant if its location could be ascertained; that they invited the complainant to have some person present to represent it while the work was being laid, and also that they desired to confer with the complainant regarding the location of its mains, and avoid any conflict between the companies. The refusal of the complainant to indicate the location of its pipes placed these defendants at a great disadvantage, and as the situation was created by the complainant's refusal to assist in the protection of its property, it was, as to the complainant, only required to do the very best it could to maintain the horizontal distance required, and that duty I am satisfied they have undertaken to perform in a reasonable and conscientious manner. The com-

plainant had present continuously on the defendants' work its representative, who, it is fair to presume, was acquainted with the location of the complainant's pipes, and if, under the circumstances, without imparting that knowledge to the defendants, he stood by and saw this work progress without protest, the complainant should now, in equity, be estopped from reaping any advantage resulting from slight deviations with regard to the distance at which defendants' pipes have been laid from those of the complainant, and under such circumstances, to justify a preliminary injunction, the injury to the complainant should appear to be not only considerable, but irreparable, and as I have been unable to discover any such condition, the complainant should be left to its action at law for the redress of any incidental damage.

The rule to show cause will be discharged.