EDWARD J. VANMARTER

*v.*

FIRST NATIONAL BANK OF PRINCETON, NEW JERSEY, et al.

[Submitted April 10th, 1917.   Decided May 4th, 1917.]

1. Columns encroaching on the public street twenty-two inches constitute a public nuisance.

2. In cases of public nuisance, a court of equity will not interfere at the instance of a private individual unless his private rights are so violated that he is subjected to substantial, serious and irreparable damages. He must suffer more than the public at large.

3. Under the facts in this case it does not appear that the complainant suffered such injury as would entitle him to injunctive relief.

On bill, &c.

*Mr. Linton Satterthwaite,* for the complainant.

*Messrs. Edward L. Katzenbach* and *Frederick W. Gnichtel,* for the defendants.

BACKES, V. C.

This is a bill to restrain a public nuisance causing a private injury.

The complainant owns a store building on the northerly side of Nassau street, Princeton, in which he conducts business. The defendant's land adjoins on the east, and extends to the corner of Witherspoon street a distance of forty-nine and fifty-two hundredths feet. Sixteen years ago the defendant erected a five-story banking-house on the northwesterly corner of the streets, fronting on Nassau street twenty-six and eighty-five hundredths feet; and in the summer of 1916 built an addition covering the remaining frontage, which, as to architecture and alignment, conforms to the original structure. The face of the first-story borders on the street line of Nassau street, while the upper floors

project twenty inches; the overhang being supported by seven pilasters extending beyond the building line and into the pavement twenty-two inches. Four pillars support the old building and three the new. The complainant objects to the latter, and seeks their removal, because, as he claims, they interfere with his prospect and conversely with the visibility of his show window. The bill was filed during the course of construction, and prays that the offending operations be enjoined, but there was no move for a preliminary injunction. It will now be treated as one for mandatory relief.

The testimony locates the northerly line of Nassau street on the block in which the lands of the complainant and defendant are situate, with a degree of certainty as to leave little doubt of the defendant's encroachment upon the public highway to the depth of twenty-two inches. The street line is established, it seems to me, by the defendant's own definition of its title, the description of which begins at the corner of Nassau street and runs along Witherspoon street seventy-four and seventy-five hundredths feet to a brick building. This entire space is occupied by the banking-house proper, while the columns stand beyond the lot line, and doubtlessly constitute a public nuisance.

The circumstance under which a private suitor may intervene to abate a public nuisance is declared in a long line of cases in this state. "It is well settled that the remedy by indictment is so efficacious that in cases of public nuisances courts of equity will interfere, at the instance of a private individual, only when his private rights are so violated by such a nuisance that he is subjected to substantial, serious and irreparable damage. He must suffer some private, direct and material damage, beyond that which is suffered by the public at large, and which, but for the interference of equity, will be an irreparable injury to him. * * * Mere diminution of the value of his property, without irreparable mischief, will not furnish a foundation for equitable relief." *Van Wagenen* v. *Cooney, 45 N. J. Eq. 24; Anthony Shoe Co.* v. *West Jersey Railroad Co., 57 N. J. Eq. 607; Humphreys* v. *Eastlack, 63 N. J. Eq. 136.*

The evidence does not show that the complainant's injury is of such a nature as brings his case within the rule. The com-

plainant's only grievance is that the view of his show window is obstructed, whereby the availability of his property for store purposes is lessened and its value consequently diminished. The projection of the upper floors of the bank building is not objectionable, so he affirms; perhaps because of the protrusion of structural bay windows of his own building, extending from the first floor to the eaves. The complainant's building is on the main street of the borough, and in a section altogether devoted to business purposes, so it cannot be said that the store feature suffers in character or repute by reason of the pillars. The column nearest the store and of which he especially complains is within a few inches of an entrance leading to the second-story of his building. The show window is between the hallway and the store door, with a blank side next to the hallway. The line of vision to the centre of the Nassau street pavement eastwardly at Witherspoon, over fifty feet away, is unimpaired, and from this distance the store front is in plain view. The manner in which the complainant's window is constructed renders it impossible to see the inside from a point distant, where the outside is plainly visible; and even if the window were more favorably arranged, it would be difficult to perceive how the pillars could, in the least, obscure a display of merchandise. The argument of the supreme court of New York, in a similar case, illustrates: "It is true that to a person approaching the plaintiff's store on the sidewalk from the north the line of vision will not strike his show windows quite so soon as if the base and pedestal of the southerly column were not there. That a proper display by a merchant of his wares tends to attract buyers is self-evident, but it is not apparent that this slight obstruction of the view of the window at all shuts out the view of the goods inside. Ordinarily the most favorable point from which to see through a window is a convenient distance from and at right angles to the glass, but as the angle is lessened the ability to see through is likewise diminished. The law of the reflection of light from polished surfaces is well known. The reflected ray lies in the plane of incidence, and the angle of reflection is equal to the angle of incidence." *Sautter* v. *Utica City National Bank, 90 N. Y. Supp. 838.*

There is not a particle of evidence showing an actual diminution in value of the complainant's property, nor is there any indicating that he has even been put to inconvenience by the wrongful placement of the pilasters.

The complainant may be able to sustain an action at law for damages occasioned by the unlawful projection of the bank building as an entirety, beyond the building line; and he might have been successful on this score in restraining the encroachment had he not himself been an offender and had prompt action been taken; but, considering the case in its present aspect and the theory upon which it was tried, it is apparent that the complainant has not shown that he has suffered any sensible or appreciable injury—a burden which he was bound to discharge to the point of demonstration—and obviously none of a nature serious and irreparable.

The case of *Ackerman* v. *True, 175 N. Y. 353,* relied upon by the complainant, is in complete harmony with the principle that a court of equity will abate a public nuisance at the suit of a person to whom it has worked a special injury. In that case, the trial court found, as a fact, that the value of the complainant's property was diminished to the amount of $15,000 by the defendant's adjacent wall encroaching upon the highway, but refused to abate the nuisance. The court of appeals reversed the decree below and granted injunctive relief, on the ground that the magnitude of the findings evinced special and substantial damages.

The bill will be dismissed, with costs.