An act to regulate the practice of optometry, to license optometrists and punish persons violating the provisions thereof (P.L. 1914 p. 448; Cum. Supp. Comp. Stat. p. 1900, as amended), section 21, enacts, "no person, not a holder of a certificate of registration duly issued to him, shall, after January 1st, 1915, practice optometry within this state." Defendant does not hold such a certificate. The question is whether it is practicing optometry within the meaning of the statute.
Defendant, a corporation, owns and operates a department store, and in the store, an optical and optometrical department. In this department are employed registered optometrists who examine the eyes of customers and prescribe glasses for fees which are paid to defendant. Defendant advertises its optical and optometrical department, setting forth in its advertisements the names of the optometrists employed by it.
Section 1 of the act defines the practice of optometry: "Any person shall be deemed to be practicing optometry *Page 127 
within the meaning of this act, who in any way advertises himself as an optometrist, or who shall employ any means for the measurement of the powers of vision or the adaptation of lenses or prisms for the aid thereof, practice, offer or attempt to practice, optometry as herein defined, either on his own behalf or as an employe or student of another, whether under the personal supervision of his employer or preceptor or not. * * * Or who holds himself out as qualified to practice optometry."
Section 22 is penal: "Any person violating any of the provisions of this act * * * and any person, company or association who shall employ for a stated salary or otherwise, or give aid or assist, any person not authorized under this act to practice optometry within the meaning of this act, to practice optometry in this state, shall be subject to a penalty of $200."
If the maxim be applied, whoever acts through an agent is considered as acting himself, it must be held that defendant is practicing optometry, but I think the maxim cannot be applied to the statute. The statutory scheme protects the public by requiring those who actually examine eyes to be properly qualified. It is immaterial whether they practice their profession on their own behalf or whether they are employed by other optometrists, or by persons not skilled in the art, or by corporations. Section 1 expressly includes in its scope a person who practices "either on his own behalf or as an employe" of another, but not one who, through the agency of an employe, measures the powers of vision. Section 22 imposes a penalty on an individual or a company who employs to practice optometry a person not authorized under the statute. Clearly, a company which employs for this purpose a person who is authorized to practice optometry, is not subject to the penalty. It follows, in my opinion, that the legislature did not intend to prohibit a company from employing registered optometrists to practice their profession.
Defendant is not practicing optometry within the meaning of the statute and so the bill will be dismissed. *Page 128