The bill alleges that defendant corporation is practicing chiropody without a license, contrary to the provisions of "An act to regulate the practice of chiropody, to license chiropodists and to punish persons violating the provisions thereof" (P.L. 1908 p. 391; Comp. Stat. p. 3338, as amended), and prays that defendant be enjoined from continuing such unlawful practice.
The first question is whether complainants or any of them can maintain the suit, even though the charge of the bill be true. Two of the complainants are licensed chiropodists, the third is the Chiropodists Society of the State of New Jersey. They sue in behalf of all licensed chiropodists of the state; but if they cannot maintain their bill in their own interest, they cannot prosecute at all. I will assume that defendant competes with the individual complainants and treats some patients who would seek their services were it not for defendant's activities.
"The rule, I think, must be regarded as fundamental that no person can maintain an action respecting a subject-matter in respect to which he has no interest, right or duty, either personal or fiduciary." Baxter's Ex'rs v. Baxter, 43 N.J. Eq. 82; affirmed, 44 N.J. Eq. 298. When a person seeks *Page 384 
either damages or an injunction on account of the violation of a duty imposed by law, he must show that the duty is owed to him, and if it be a statutory duty, he must show that the statute was enacted for his advantage or for the advantage of a class to which he belongs. This rule is often illustrated in our reports. For instance, a gas company cannot maintain a bill to restrain a competitor from selling gas which is inferior to the statutory standard, for the violation "invades no right of the complainants and deprives them of nothing which the law secures to them. Consequently, it cannot be made the basis of any sort of judicial relief to them." Jersey City Gaslight Co. v. Consumers GasCo., 40 N.J. Eq. 427, 432. Likewise, at the suit of a competitor, a company will not be enjoined from laying pipes except in strict conformity with the statute, unless it appears that complainant's pipes or other property may thereby be injured. "If the defendants have been guilty of a breach of their statutory duty, their misconduct must result in legal injury to the complainant to justify the interference of this court."Atlantic City Gas and Water Co. v. Consumers Gas and Fuel Co.,70 N.J. Eq. 536; affirmed, 74 N.J. Eq. 455. A traction company cannot obtain an injunction against the operation of an auto bus without a valid permit, since the statute regulating auto busses was not passed for the benefit of street railways. PublicService Railway Co. v. Reinhardt, 92 N.J. Eq. 365; affirmed, by an evenly divided court, 93 N.J. Eq. 461. And a water company cannot complain of one selling water in competition with it in violation of the Public Utility act. Junction Water Co.
v. Riddle, 108 N.J. Eq. 523.
The legislature, in recent years, has passed statutes regulatory of a number of professions and occupations, ranging from medicine and surgery, to barbering and beauty culture. Undoubtedly many, perhaps most, of these statutes have been enacted at the insistence of persons engaged in the occupations which are the subject of the legislation and who hoped that the pressure of competition would thereby be lightened. But in a legal sense, this cannot be deemed the object of such legislation. Such laws are an exercise of the police power *Page 385 
intended for the benefit of the public. The purpose of the act for the regulation of chiropody is to protect the public against untrained chiropodists, and not to restrict competition among chiropodists.
Counsel for both parties cite Elizabethtown Gas Light Co. v.Green, 46 N.J. Eq. 118; affirmed, 49 N.J. Eq. 329. In that case, complainant sought to restrain the competition of certain individuals to whom had been granted a charter to operate a gas company but who, according to complainant, had forfeited the charter and their right to lay pipes in the public streets because of a breach of condition. Defendant relies on this ruling of Vice-Chancellor Van Fleet: "Until it is made clearly to appear that the condition in question was imposed in favor of the complainant, or for its benefit, so that it has a clear right to demand its observance, the complainant's position with respect to the condition, is that simply of a stranger and hence it stands without the least pretense of right to complain of its breach." And while the vice-chancellor dismissed the bill, he also said, as complainants point out, that equity has power to protect a corporation holding an exclusive franchise from injury arising from the usurpation of a like franchise, citing Delaware andRaritan Canal, c., Cos. v. Camden and Atlantic Railroad Co.,16 N.J. Eq. 321; affirmed, 18 N.J. Eq. 546; Pennsylvania RailroadCo. v. National Railway Co., 23 N.J. Eq. 441.
The individual complainants claim that they and all other licensed chiropodists taken collectively have an exclusive franchise which should be protected against the usurpation of defendant. On the contrary, the license to practice chiropody is not a franchise. "A franchise is a privilege or immunity which can only exist by special grant of the government of the state, and is incapable of existing without such grant and which the citizen cannot enjoy without legislative grant. * * * It cannot be held, we think, that the right of any person to practice his or her profession under a license issued pursuant to a statute enacted by the legislature under the police power of the state, comes within any legal definition of a franchise." State v.Green, 112 Ind. 462; 14 N.E. Rep. *Page 386 352. But even if these licenses be considered franchises, they are not, added together, an exclusive franchise, any more than the charters of all the corporations of the state constitute in sum an exclusive franchise. The bill is not supported byElizabethtown Gas Light Co. v. Green.
Sometimes the unlicensed practice of a profession has been viewed as a public nuisance. State v. Smith, 43 Ariz. 131;20 Pac. Rep. 2d 718; 92 A.L.R. 168. But equity will not interfere by injunction except the nuisance causes special and serious injury to complainant. Morris and Essex Railroad Co. v.Prudden, 20 N.J. Eq. 530; Van Marter v. First National Bank,87 N.J. Eq. 500. In the case before me, it does not appear that the injury to complainants is serious. And such special injury as they may sustain does not arise from the unlawful features of defendant's activities. Complainants suffer from the competition of two or three chiropodists employed by defendant, but not from the circumstance that defendant has no license and cannot obtain one.
There have been in late years a number of cases in which the unlawful practice of law has been enjoined at the suit of members of the profession. Unger v. Landlords' Management Corp.,114 N.J. Eq. 68; Dworken v. Apartment House Owners Assn., 38 Ohio App. 265; 176 N.E. Rep. 577; Paul v. Stanley, 168 Wn. 371;12 Pac. Rep. 2d 401; Childs v. Smeltzer, 315 Pa. 9;171 Atl. Rep. 883; Fitchette v. Taylor, 191 Minn. 582;254 N.W. Rep. 910; 94 A.L.R. 356. But lawyers are said to enjoy a franchise and this fact has been the basis of such suits. There are also a few instances of suits for the enforcement of regulatory statutes, instituted by members of the profession or occupation concerned. Jaeckle v. L. Bamberger Co., 119 N.J. Eq. 126;affirmed, 120 N.J. Eq. 201, was brought by a licensed optometrist to enjoin the unlawful practice of optometry by a corporation. I dismissed the bill on the ground that the defendant was not violating the statute, without considering whether complainants had status to sue. Examples in other states are: Olsen v. Smith (Tex.), 68 S.W. Rep. 320;195 U.S. 332; 25 S.Ct. 52; Merz v. Murchison, 30 Ohio C.C. 646; Taylor
v. *Page 387 Dental Laboratory, 29 Ohio C.C. (N.S.) 451; Sloan v.Mitchell, 113 W. Va. 506; 168 S.E. Rep. 800.
The practice indicated by these cases has sprung up because enforcement of regulatory statutes is sometimes neglected by public authorities and is apt to be more vigorous if those who have a direct financial stake are permitted to prosecute. But the practice cannot be supported in principle and is contrary to the decisions of our state cited earlier in this opinion. The motion for an injunction will be denied for the reason that the statute on which complainants sue, was not enacted for their benefit.
I have not considered whether in fact defendant is practicing chiropody contrary to the statute. *Page 388