The bill of complaint herein was filed by two licensed dentists and an unincorporated association of several licensed dentists. It alleges that defendant is practicing dentistry without having been licensed and admitted to practice that profession in this state. Complainants seek an injunction restraining defendant from continuing such practice. The defendant moves to strike the bill on the ground that it discloses no equitable cause of action and that this court lacks jurisdiction to entertain complainants' suit.
R.S. 45:6-1 et seq. regulates the practice of dentistry. It provides that no person shall practice that profession in this state unless licensed to do so by a state board of registration and examination; it provides a money penalty for violation *Page 557 
of the statute to be recovered in an action in a District Court or Court of Common Pleas on complaint by any member of the State Board or by any member of an incorporated dental society. It provides for no other method of procedure against one charged with unlicensed practice of dentistry.
The question argued on the motion to strike is whether this suit may be maintained by individuals licensed to practice dentistry in this state, who allege that a license to practice dentistry, obtained after compliance with the statute, is a property right the value of which is greatly diminished by unfair and illegal competition by defendant and results in loss of business and fees to complainants.
Complainants place great reliance on Unger v. Landlords'Management Corp., 114 N.J. Eq. 68, wherein this court held that the right to practice law in this state is in the nature of an exclusive franchise in those persons regularly licensed; that it is a property right which may be protected by injunction against one not entitled to exercise the franchise. The court said that the right to practice law is conferred by letters patent issued under the great seal of state by its chief executive and is a franchise granted by the same authority as was formerly exercised by the British crown. Whatever may be said about the profession of the law whose members are said to hold a franchise in the nature of a property right under the common law, it seems to me that the status of those who are entitled to the privilege of practicing dentistry under a comparatively recent statute, is different.
Jaeckle v. L. Bamberger Co., 119 N.J. Eq. 126, was a suit in this court by individuals who were licensed optometrists to restrain a corporation from violating the act regulating the practice of optometry. The bill was dismissed because the court found that the defendant therein was not practicing optometry within the meaning of the statute. In affirming that decision the Court of Errors and Appeals (120 N.J. Eq. 201) expressly reserved the question of jurisdiction of equity to grant the relief sought by complainants therein.
The property right complainants here assert is the right to be free from competition by defendant practicing dentistry without a license. Prior to the enactment of the dentistry *Page 558 
statute no such property right existed. Whether the statute created such right depends upon the purpose for which it was enacted. It has been said that the practice of dentistry is a privilege subject to state regulation in the interest of the public (Levine v. State Board, c., of Dentistry,121 N.J. Law 193). I think that the statute in question was passed solely for the protection of the public as against incompetents and whatever financial benefit results to persons licensed thereunder by the exclusion of unlicensed persons from practicing dentistry, is merely incidental, and that the statute was not intended to vest a property right in one licensed thereunder which the licensee is entitled to have protected by a suit of this nature. The only weapon the statute places in the hands of licensed practitioners for use against one unlawfully practicing their profession, is a suit to enforce the penalty prescribed by the act.
A supplement to the statute, known as R.S. 45:6-29.1 (P.L.1942 ch. 78), vests in this court jurisdiction and discretionary power, upon bill presented at the suit of the Attorney-General or the State Board of Dentistry, to prevent and restrain the practice of dentistry by an unlicensed person. The fact that the legislature by the supplemental act authorized designated public officials to apply for a restraint against violation of certain provisions of what I may call the original dentistry statute, indicates that the right to a restraint had not existed theretofore; that it was granted those officials for the purpose of protecting the public from incompetents and that the right to a restraint does not exist for the personal benefit of individuals licensed under the statute. Mosig v. JerseyChiropodists, Inc., 122 N.J. Eq. 382; New Hampshire Board ofRegistration, c., v. Scott Jewelry Co., 9 Atl. Rep. 2d513.
Defendant's motion will be granted. *Page 559