GEORGE P. MAHONEY, ET AL., CONSTITUTING THE MARYLAND RACING COMMISSION *v.* J. DALLET BYERS

[No. 172, October Term, 1945.]

82

*Decided July 23, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Hall Hammond, Deputy Attorney General,* with whom was *William Curran,* on the brief, for the appellants. *Stuart S. Janney, Jr.,* and *Richard W. Emory,* with whom were *Venable, Baetjer & Howard* and *Joseph France* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

Sections (a) and (d) of Rule 146 of the Maryland Racing Commission provide:

"(a) No person shall administer, or knowingly or carelessly permit to be administered to any horse entered for a race, any drug in any way within forty-eight (48) hours before the time of the race."

"(d) If the Commission finds from analysis of the saliva or urine, or blood taken from a horse on the day of a race in which the horse ran, or from other competent evidence, that any drug has been administered to the horse within forty-eight (48) hours before the race, the trainer shall be subject to the penalties prescribed in subsection (e) hereof, whether or not he administered the drug, or knowingly or carelessly permitted it to be administered. The fact that the analysis shows the pres-

ence-of a drug shall be conclusive evidence either that there was knowledge of the fact on the part of the trainer or that he was guilty of carelessness in permitting it to be administered."

J. Dallet Byers, a trainer of race horses, was found guilty of violating these sections, by the Commission, and its final order passed in the matter follows:

"At a meeting today, December 10, 1945, the Maryland Racing Commission suspended the license of trainer J. D. Byers for a period of one year from December 10, 1945, and he shall be denied all privileges of all tracks under the jurisdiction of the Maryland Racing Commission, except the grand stand and club house during the running of the races.

"Rule 146 of the published rules of the Maryland Racing Commission was proved to have been violated when Benzedrine was found in the saliva sample taken from the horse Cosey trained by J. D. Byers, after the horse had won the steeplechase race at Pimlico on Wednesday, November 14, 1945."

Appellee filed, in the Superior Court of Baltimore City, a petition for a writ of mandamus to compel the Commission to rescind its order of December 10, 1945, and to restore him to good standing as a trainer of race horses in the State of Maryland. Answer was filed by the Commission to the petition and, after testimony was taken and counsel heard and the case submitted for decision, the lower court ordered the writ of mandamus to issue. From this order the case comes here on appeal.

At the outset it may be stated that under the Act of 1920, Chapter 273, Article 78B, Code 1939, which created the Maryland Racing Commission, it has power and authority to promulgate reasonable rules to govern the racing of horses. It may make such rules regulating the conduct of trainers, jockeys, owners, and generally regulate all matters pertaining to horse racing, in order that they may be conducted fairly, decently and clean but may not revoke a license except for cause. 6 *Opinions of Attorney General* 480; 11, 273; 24, 662.

These decisions of the Attorneys General have governed the Commission for a long time, and Attorney General Armstrong's decision was rendered shortly after the passage of the Act. We see no reason to alter or disturb these decisions, long applied. *Popham v. Conservation Commission,* 186 Md. 62, 46 A. 2d 184; *Baltimore City v. Machen,* 132 Md. 618, 104 A. 175.

This court has said: "It is true that the Legislature may, within recognized bounds, delegate its authority to regulatory agencies and commissions created by it, in order to carry out certain powers, legislative plans and purposes, and repose in such agency a reasonable and just exercise in a guarded discretion of those powers delegated." *Schneider v. Duer,* 170 Md. 326, at page 335, 184 A. 914, at page 918 see *Dasch v. Jackson,* 170 Md. 251, at page 264, 183 A. 534, at page 539.

The Act of 1920 makes racing legal in Maryland, when conducted in conformity with its provisions, and such reasonable rules and regulations lawfully adopted by the Commission. *Clark v. Harford Agricultural and Breeders Association,* 118 Md. 608, 85 A. 503. Trainers of race horses have a right under the Act, to engage in their vocation if they conform to the provisions of the Act and reasonable rules and regulations adopted by the Commission. A violation of such right by the Commission can be reviewed by the court in a mandamus proceeding. *Hecht v. Crook,* 184 Md. 271, 40 A. 2d 673; *Heaps v. Cobb,* 185 Md. 374, 45 A. 2d 73; *University of Maryland v. Murray,* 169 Md. 478, 182 A. 590, 103 A. L. R. 706; *I. C. C. v. L. & N. R.,* 227 U. S. 88, 33 S. Ct. 185, 57 L. Ed. 431; *Shields v. Utah Idaho Cent. R. Co.,* 305 U. S. 177, 59 S. Ct. 160, 83 L. Ed. 111; *Merritt v. Swope,* 267 App. Div. 519, 46 N. Y. S. 2d 944. In reviewing the action of the Commission the court has power to correct errors in law, but it cannot substitute its discretion for the discretion of the Commission where there is evidence that reasonably justifies the Commission's finding, even though the court may disagree with the Commission. The court may cure abuses of discretion and arbitrary, illegal, capricious or unreasonable

acts, but must take care "not to interfere with the legislative prerogative, or with the exercise of sound administrative discretion, where discretion is clearly conferred." *Hecht v. Crook, supra* [184 Md. 271, 40 A. 2d 677] ; *Heaps v. Cobb, supra.*

The court below held that the irrebuttable presumption set up in paragraph (d) of the rule was arbitrary and, therefore, void. The horse "Cosey," trained by appellee, ran at Pimlico in, and won, a steeplechase race on November 14, 1945. A sample of saliva taken from the horse after the race was found to contain benzedrine, a stimulative drug. Under the irrebuttable presumption set up in paragraph (d) of the rule, the proof of the fact that the horse's saliva contained this drug, alone rendered appellee guilty of administering to the horse benzedrine "within forty-eight (48) hours before the race * * * whether or not he administered the drug, or knowingly or carelessly permitted it to be administered. *The fact* that the analysis shows the *presence of a drug shall be conclusive evidence* either that there was knowledge *of the fact on the part of the trainer* or that he was guilty of carelessness in permitting it to be administered." From the fact that benzedrine was found in the saliva taken from the horse after the race, this irrebuttable presumption is substituted for facts necessary to find the appellee guilty under paragraph (d) of the rule. No facts or circumstances surrounding the stabling, care and attention given the horse after it arrived at Pimlico is to be considered. The appellee's reputation as a clean, straight, decent jockey and trainer, which he has borne among the racing world for years, and which was attested to by many witnesses of high standing, is not to be considered in determining his guilt or innocence. In fact, the Commission attested to appellee's fine record, as will appear from the remarks made by its chairman, contained in the record. All this, like so much chaff, is to be blown away as waste in the operation of the machinery set up under this paragraph. This irrebuttable presumption destroyed the right of appellee to offer evidence to establish his in-

nocence. If this is "just," then the term "unjust" is without meaning.

The Commission is a creature of the Legislature and the Legislature does not possess the power under the State Constitution to prevent one from making a defense to a charge brought against him by substituting an irrebuttable presumption for facts. Such a law would be arbitrary, illegal, capricious and hence unconstitutional. "That the trial of facts, where they arise, is one of the greatest securities of the lives, liberties and estate of the People." Art. 20, Md. Declaration of Rights. This rule prevents the trial of facts and calls for the revocation of the license without cause shown.

Judge Alvey, speaking for this court in *Johns v. State,* 55 Md. 350, 363, said: "So far as this case is concerned, it may readily be conceded, that a statute that should make evidence conclusive, which was not so of its own nature and inherent force, and by that means preclude the party from showing the truth, would be simply void." That is exactly what the irrebuttable presumption set up in paragraph (d) of Rule 146 of the Commission does— it prevented the appellee from showing the truth, and hence any conviction by the Commission under paragraph (d) of this rule is void. See *Manley v. Georgia,* 279 U. S. 1, 49 S. Ct. 215, 73 L. Ed. 575; *Tot v. United States,* 319 U. S. 463, 63 S. Ct. 1241, 87 L. Ed. 1519; *McFarland v. American Sugar Ref. Co.,* 241 U. S. 79, 36 S. Ct. 498, 60 L. Ed. 899.

The appellants contend that the presumption set up in paragraph (d) of the rule was not applied in this case as an irrebuttable presumption but was applied only as a *prima facie* presumption. In determining whether a statute meets the requirement of the Constitution, it has been said repeatedly that the rule is—not what might be done but what can be done under the statute. *Maryland Theatrical Corp. v. Brennan,* 180 Md. 377, at page 383, 24 A. 2d 911, at page 914, and cases cited. This standard has equal application where power and authority have been given in a statute to an agency created thereby to make

rules within "a reasonable and just exercise in a guarded discretion of those powers delegated." The Commission, therefore, cannot set up in a rule an irrebuttable presumption and treat it as if it were a *prima facie* presumption. If this was not so the Commission could justify its action under such a rule by simply saying they applied the rule as if it were a *prima facie* presumption. This is cannot do. It is sufficient to say that the comments of the chairman of the Commission, made during the course of the hearing before it, and its final order, show that the irrebuttable presumption set up in the rule was applied in this case.

The appellants contend that the order of the Commission is justified under the charge of violation of paragraph (a) of Rule 146, in that the horse "Cosey" was not kept under guard, and, therefore, the appellee carelessly permitted the horse to be drugged within forty-eight (48) hours before the time of the race in question. The testimony shows that some trainers kept guard over the horses in their care, and some did not. It is conceded the Commission has never adopted a rule requiring that a horse must be guarded day and night within forty-eight hours prior to the time it starts in a race. The Commission must have known for years that some trainers guard their horses and some do not. They could not have considered the failure of trainers to guard horses carelessness, or they would have adopted a rule to govern the matter. This they did not do, and yet, in the face of this practice, they contend that the appellee permitted the horse "Cosey" to be drugged by reason of his carelessness in failing to keep him guarded. Having no rule on the matter, they, nevertheless, seek to apply a rule to this case out of the thin air. It is worse than applying a regularly adopted rule *ex post facto*. It is condemning a trainer for failure to do something that the rules never required him to do, and under the guise of carelessness, punishing him for something he failed to do, when he had no way in the world to know that it was required of him by the Commission to do. To convict appellee for violating paragraph

(a) of Rule 146, under such circumstances, would be highly capricious, arbitrary and illegal.

The license issued to appellee contained the following: "The license is granted subject to the conditions set forth in the application therefor, and the same may be at any time summarily revoked, cancelled or temporarily suspended or withdrawn by the Maryland Racing Commission." From what we have said, this provision in appellee's license is nugatory. *State ex rel. Mason v. Rose,* 122 Fla. 413, 165 So. 347; *Carroll v. California Horse Racing Brd.,* 16 Cal. 2d 164, at page 168, 105 P. 2d 110, at page 112; *Narragansett Racing Association v. Kiernan,* 59 R. I. 79, 194 A. 49.

Finding no error in the order of the learned judge below, it will be affirmed.

*Order affirmed, with costs.*