MARYLAND EMPLOYMENT SECURITY BOARD *v.*
POORBAUGH

MARYLAND EMPLOYMENT SECURITY BOARD
ET AL. *v.* FEASTER

MARYLAND EMPLOYMENT SECURITY BOARD *v.*
MERBAUGH

(Three Appeals in Separate Records)

[Nos. 148-150, October Term, 1949.]

198

*Decided April 14, 1950.*

Before MARBURY, C. J., COLLINS, GRASON, HENDERSON and MARKELL, JJ.

Submitted on brief by *Hall Hammond, Attorney General, Aaron A. Baer, Special Assistant Attorney General,* and *James N. Phillips* for the Maryland Employment Secuity Board.

No brief and no appearance for the appellees.

HENDERSON, J., delivered the opinion of the Court.

These three appeals are from orders of the Circuit Court for Allegany County reversing decisions of the Maryland Employment Security Board. In the first case

the claimant was denied benefits on the strength of a finding that she was unavailable for work and had not actively sought work, as required by Section 4, Article 95A of the Code (1947 Supplement). In the second case the claimant was denied benefits because it was found that he left work voluntarily and without good cause, as required by Section 5. In the third case, the claimant was denied benefits because the claimant was unavailable for work and had not actively sought work, as required by Section 4. In each case the Court reviewed the evidence and made findings of fact different from those of the Board. We think the Court's orders were based on a misconception of the function of the court in these appeals.

Section 6(h) "Judicial Review", provides "* * * In any judicial proceeding under this Section, the findings of the Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." We have had occasion to construe and give effect to that provision in *Tucker v. American Smelting Co.,* 189 Md. 250, 55 A. 2d 692, 693 and *Brown v. Maryland Unemployment Comp. Board,* 189 Md. 233, 55 A. 2d 696, 699. See also *Johnson v. Pratt,* 200 S. C. 315, 20 S. E. 2d 865, construing the similar provision of the South Carolina Statute. We have long recognized, in other fields, the legislative prerogative to give finality to administrative decisions, provided the exercise of the power is not arbitrary. *Bethlehem-Sparrows Point Shipyard v. Bishop,* 189 Md. 147, 55 A. 2d 507, 511, (Workmen's Compensation) ; *Lewis v. Mayor and City Council of Cumberland,* 189 Md. 58, 54 A. 2d 319, 324 (rate-making) ; *Wasena Housing Corp. v. Levay,* 188 Md. 383, 393, 52 A. 2d 903 (tax assessment) ; *Mahoney v. Byers,* 187 Md. 81, 85, 48 A. 2d 600 (racing regulation) ; *Heaps v. Cobb,* 185 Md. 372, 374, 45 A. 2d 73 (pension system).

A review of the testimony in the instant cases shows clearly that there was evidence to support the Board's findings. Mrs. Poorbaugh received a maternity leave,

and at the time she registered with the Employment Service was fully occupied in taking care of her child. There was no evidence that she had made any effort to procure work, other than to "watch the ads." Mr. Feaster, whose employer contended that he had voluntarily quit his job, admitted that he laid off because of the cold weather. The employer sent him word that if he didn't report "for work tomorrow he wasn't going to have any more work", but he did not report until about four months later, a month after he filed his claim. Mrs. Merbaugh was employed as a messenger. She resigned her job to get married. Under a rule of the Company married women were not employed as messengers. She applied for a transfer to another department, but there was no vacancy. She admitted that since her marriage she had not applied for work elsewhere.

Since there was evidence to support the Board's findings and no suggestion of fraud, the court erred in attempting to substitute its judgment for that of the Board.

*Orders reversed, with costs.*