James P. Conway and Maxwell H. Gluck *v.* State Horse Racing Commission of the Commonwealth of Pennsylvania.

Argued March 9, 1971 before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Stuart H. Savett,* with him *Harold E. Kohn* and *Robert E. Woodside, Woodside & Woodside* and *Eugene F. Roth,* of counsel, for appellants.

*Joseph P. Work,* General Counsel, Pennsylvania State Horse Racing Commission, for appellee.

OPINION BY JUDGE WILKINSON, April 22, 1971:

On November 6, 1969, the State Horse Racing Commission entered an order suspending appellant, James P. Conway, trainer of the horse Verbatim, for 15 days and disqualified Verbatim, owned by appellant, Maxwell H. Gluck, from the purse award for the seventh race in Liberty Bell Park on July 5, 1969. Appellants ask this Court to reverse the order suspending appellant Conway, declare Verbatim the winner of the seventh race, and award appellant Gluck the purse. We cannot do so.

Appellants raise questions involving the proper interpretation and constitutionality of Rules 15.02 and 15.06 of the Rules of Racing promulgated by the Pennsylvania State Horse Racing Commission. Most of the questions raised by appellants have been discussed and

decided by our brother, Judge MENCER, in *Commonwealth v. Bryan Webb,* 1 Pa. Commonwealth Ct. 151, 274 A. 2d 261, decided February 1, 1971. Indeed, the four cases from other jurisdictions on which appellants rely are there discussed in detail, i.e., *Brennan v. Illinois Racing Board,* 42 Ill. 2d 352, 247 N.E. 2d 881 (1969); *Battles v. Racing Commission,* 12 Ohio App. 2d 52, 230 N.E. 2d 662 (1967); *State v. Baldwin,* 159 Fla. 165, 31 So. 2d 627 (1947); *Mahoney v. Byers,* 187 Md. 81, 48 A. 2d 600 (1946). All the arguments advanced by appellants are disposed of in that able opinion with the exception of (1) whether Indomethacin is a forbidden medication, and (2) whether the finding that such medication was administered to Verbatim is supported by the evidence. The most that can be said for appellants' position that Indomethacin is not a forbidden medication is that their expert witnesses, respected veterinarians, agreed that this drug "may have an anti-inflammatory effect when administered to horses, but its use in horses is limited since, as an equine medication, it is considered erratic, and in many cases, although the swelling would decrease, pain would not be alleviated". (Quoted from appellant's brief, page 5.) Nevertheless, specific testimony of even appellants' experts throws doubt on their opinion. For example, Dr. Evans testified:

"Q. In your opinion, is Indocin an analgesic?

A. I will have to qualify that because if it is considered anti-inflammatory, it has to take care of pain, heat and swelling, so if it is anti-inflammatory, it has to alleviate all of those conditions.

Q. What is an analgesic?

A. To subdue or kill pain." (Record, page 154.) Dr. Evans again, at page 159 of the Record:

"Q. How do you make a determination that a horse is in pain?

A. He is sore; when he moves lame.

Q. How would you make a determination that a horse has swelling, by visual observation?

A. Yes, sir.

Q. How about heat?

A. You feel it and it is hot.

Q. At any time that you have administered the Indomethacin, have you noticed any change in these conditions?

A. Yes.

Q. Yourself?

A. Yes."

On the other hand, the Commission's expert testified affirmatively that the drug was an analgesic. Certainly this presented ample basis for the Commission to find that Indomethacin is a forbidden medication under Rules 15.02 and 15.05 as defined and discussed in the *Webb* case.

Appellants, in the record, in the brief, and in oral argument, appropriately and forcefully presented their case that there was no conclusive proof that the forbidden medication was administered to Verbatim. We will comment here that appellants inappropriately present this argument in the History of the Case. Our Rule 94 specifically provides that the History of the Case must not contain any argument.

In answer to appellants' presentation, suffice it to say there may always be the possibility that the Commission's expert may be wrong or that the drug may have been introduced into the urine after the sample was taken from the horse. It may or may not be that this Court would have found as the Commission found. That is not the question as is clearly pointed out in the *Webb* case. So long as there is ample evidence, as there is here, on which the Commission could make the finding, the order will not be disturbed. It would be well to note here that it was regrettable the laboratory used by the Pennsylvania Horse Racing Commission did not

see fit to retain a sufficient quantity of the urine sample to permit additional testing. Judge WATKINS of the Pennsylvania Superior Court presents an able discussion of the need for great care in chemical analyses of samples taken by licensing authorities on which suspensions are later based. *See Glover Bar, Inc. Liquor License Case,* 203 Pa. Super. 11, 198 A. 2d 366 (1964).

Appellant Conway threw considerable doubt on his own testimony that Verbatim was not given the drug when he admitted that, unknown to him, eight other horses committed to his charge were given the same drug. This occurred when the chairman of the Commission, William Martson, by a series of questions of Mr. Conway, developed that from June 2, 1969, to July 29, 1969, the drug was administered to these eight horses in New Jersey. Mr. Conway's attorney then went into the question of when Mr. Conway first learned that the drug had been administered. His response, in part, was: "These horses were stabled in New Jersey. They were at one time in New York, some of them, and they had been sent there to race, and they were treated without my knowing this, and I knew nothing of it until whenever this thing came up." (Record, pp. 166a-167a.) This completely rebuts the argument persuasively presented on behalf of appellants that Conway's veterinarians do not administer drugs without his approval or without informing him immediately of any medication that is given.

Order affirmed.