## Johnson *v.* State Horse Racing Commission.

Argued March 9, 1972, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Richard J. Hobin,* with him *Hobin & Lore,* for appellant.

*James F. Cendona,* with him *Joseph P. Work,* General Counsel, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 1, 1972:

This is an appeal from an order of the State Horse Racing Commission suspending the racing privileges of appellant for thirty days. The Commission held that he had violated Rules 15:02 and 15:06 of the Rules of Racing. The Commission determined that Phenylbutazone or a derivative thereof, in amounts sufficient to constitute a violation was found in the urine specimen of the horse "Chats Boy" following the eighth race at Pocono Downs on September 6, 1971. The horse was shown to be in the care and attendance of the appellant and the Commission held that the absence of precautionary attention constituted neglect by the appellant and was a contributing factor to the existence of the drug. The Commission concluded that the trainer is bridled with the care and responsibility of a horse from the time it enters the race enclosure until it leaves.

Rule 15:02 of the applicable Rules of Racing relied thereon provides: "Should the chemical analysis of any sample taken from a horse entered in a race indicate the presence of any narcotic, stimulant, depressant, local anesthetic or analgesic, the trainer of the horse, together with the assistant trainer, stable foreman, groom, or any other person shown to have had care and attendance of the horse shall be subject to disciplinary action and such horse shall be declared unplaced for every purpose except pari-mutuel wagering which shall in no way be affected." Rule 15:06 provides: "The

owner, trainer, groom or any other person who is charged with the custody, care and responsibility of the horse, are all obligated to protect and guard the horse against the administration or attempted administration, either internally or externally, of any drug to the horse. If the stewards shall determine that any owner, trainer, groom or any other person recited hereinbefore in this Rule, have failed to protect and guard said horse in accordance with this Rule, they may immediately suspend said trainer, groom or any other person and refer the matter to the Commission for final disposition."

Appellant contends that there was insufficient evidence to justify the finding by the Commission of a violation of these rules. We disagree.

Following our pronouncements in *Commonwealth v. Webb*, 1 Pa. Commonwealth Ct. 151, 274 A. 2d 261 (1971), "[t]he scope of our review in this appeal is prescribed by Section 44 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. §1710.1 et seq., which requires this Court to affirm the adjudication of the State Racing Commission unless it was not in accordance with law or was an arbitrary, capricious, or unreasonable determination due to the absence of substantial evidence to support the findings."

The validity of Rules 15:02 and 15:06 has been affirmed in *Webb, supra* and *Conway et al. v. State Horse Racing Commission*, 2 Pa. Commonwealth Ct. 266, 276 A. 2d 840 (1971).

In addressing himself to the violation under Rule 15:02, appellant admits that Phenylbutazone was present but that it had been administered not only without his knowledge but the injection was made in a jurisdiction where its use is permitted.[1]

---

[1] The horse had run in West Virginia prior to the meet in Pennsylvania.

He contends further that an assistant Commission Veterinarian had injected the horse with a shot of tetanus anti-toxin for an abrasion the horse had suffered while breaking out of the gate, and that the effect of anti-toxins is to make any chemical test result inconclusive.

We are not here passing on the propriety of the conduct of the assistant Veterinarian; if we were to do so, appellant could not offer it in his defense. The admissions of the appellant that Phenylbutazone was present clearly constituted substantial evidence upon which to find a violation of the Rule. It was not an abuse of discretion for the Commission to so hold.

In meeting the charge that he violated Rule 15:06, appellant argues that he did not know with certainty at the time the drug was administered that this horse would race in Pennsylvania. As we have noted, a trainer is charged with the custody, care and responsibility of the horse and under the rule is "obligated to protect and guard the horse against the administration . . . of any drug to the horse." The appellant here took no steps to insure that the horse was uninhibitedly qualified to race in this Commonwealth. He failed to measure up to the responsibility imposed on him, so that his charge, as well as the public affected by his professional expertise, are adequately protected. Although he knew Phenylbutazone was commonly used in the training of horses in West Virginia, he failed to determine whether its use would be so timely as to disqualify "Chats Boy" in Pennsylvania and if so to issue appropriate instructions, or once having learned that his horse was entered in Pennsylvania to ascertain whether its bloodstream was unadulterated. In these circumstances, there is no doubt that there is evidence to make a finding that the duties the law, for undeniable good reason imposes upon a trainer, had not been met.

462

The decision of the Commission was supported by substantial evidence; was not arbitrary or capricious; and, therefore must be affirmed. Therefore, we issue the following

ORDER

AND NOW, this 1st day of May, 1972, the Order of the State Horse Racing Commission suspending for thirty days the racing privileges of Wade Henry Johnson is hereby affirmed.