Steven R. Brown, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Horse Racing Commission, Respondent.

Submitted on briefs May 9, 1985, to Judges MACPHAIL, BARRY and PALLADINO, sitting as a panel of three.

*Thomas W. Ostrander, Duane, Morris & Heckscher,* for petitioner.

*John B. Hannum, Jr.,* with him, *Gerald T. Osburn,* for respondent.

OPINION BY JUDGE BARRY, October 30, 1985:

This appeal stems from an order of the Pennsylvania State Horse Racing Commission (Horse Racing Commission) which upheld a ruling of the Board of Stewards at Keystone Race Track suspending petitioner, Steven Brown, for thirty days.

Mr. Brown, a licensed thoroughbred horse trainer, was suspended for running a horse, Fred 'n Ginger, in a race while it was under the influence of a prohibited foreign substance (nalbuphine hydrochloride). Post-race test samples of the horse's blood and urine revealed the presence of this drug. There was no direct or indirect evidence which indicated that Mr. Brown had any knowledge of the administration of this drug to the horse. He employed a night watchman at the Keystone Race Track stable where Fred 'n Ginger was housed; nevertheless, the horse remained unattended daily for approximately two to three hours. The investigation did reveal certain evidence which indicated that a previous employee of Mr. Brown had injected the horse with the drug prior to the race in

question but no direct evidence was introduced regarding this occurrence.

The Horse Racing Commission upheld Mr. Brown's suspension because he, as trainer, was responsible for the care and custody of the horse and thus was obliged to guard against the administration of the drug to the horse. The Horse Racing Commission concluded that even though petitioner had no knowledge of who had drugged the horse, he was unable to show who did; therefore, he cannot escape the responsibility for which he is charged under the regulations.

We are required to affirm the order of the Horse Racing Commission unless it was not in accordance with law or was an arbitrary, capricious or unreasonable determination due to the absence of substantial evidence to support the findings. *Johnson v. State Horse Racing Commission,* 5 Pa. Commonwealth Ct. 458, 290 A.2d 277 (1972).

The Horse Racing Commission suspended Mr. Brown for violation of 58 Pa. Code 163.302(a)(1), which forbids a horse from participating in a race while carrying any substance foreign to its natural body. Under 58 Pa. Code §163.303(b), a finding of the existence of a foreign substance in a test sample constitutes prima facie evidence that the foreign substance was administered and carried by the horse while participating in a race and the trainer responsible for the care or custody of the horse has been, had been, or may have been negligent in handling or caring for the horse. It is the trainer's responsibility to guard against the administration of drugs in accordance with 58 Pa. Code §163.309 which states:

The owner, trainer, groom, or any other person who is charged with the custody, care, and responsibility of the horse, are all obligated to protect and guard the horse against the admin-

istration or attempted administration, either internally or externally, of any drug to the horse. If the Stewards shall determine that any owner, trainer, groom, or any other person recited hereinbefore in this section, have failed to protect and guard said horse in accordance with this section, they may immediately suspend said trainer, groom or any other person and refer the matter to the Commission for final disposition.

Mr. Brown argues that the Horse Racing Commission found that he had taken steps to guard the horse which were above the normal industry standards regarding the protection of horses and thus had rebutted the presumption of a trainer's negligence because he took reasonable steps to protect his horses.

As noted, 58 Pa. Code §163.309 places an affirmative duty on a trainer to protect his horses from the administration of any prohibited drug and Section 163.303 provides that an affirmative drug test result will be deemed prima facie evidence of a trainer's failure to fulfill this duty. This presumption of negligence may be rebutted by evidence that the trainer took reasonable steps to protect his horses. *Commonwealth v. Webb*, 1 Pa. Commonwealth Ct. 151, 274 A.2d 261 (1971), *appeal dismissed,* 445 Pa. 604, 284 A.2d 499 (1971). Although Mr. Brown has presented some exculpatory evidence to rebut this presumption, namely that he had hired a night watchman for the horse's protection, we believe the evidence is insufficient because Fred 'n Ginger was left unsupervised for approximately two to three hours daily. *See Bellucci v. State Horse Racing Commission,* 66 Pa. Commonwealth Ct. 631, 445 A.2d 865 (1982).

Mr. Brown next contends that he presented substantial evidence that indicated the culpability of a

former employee which should relieve him of responsibility. There is testimony by an investigator for Keystone Race Track, William McMonagle, that he believed that a third party was probably responsible for the drugging of the horse (Deposition of William McMonagle, p. 7, July 20, 1982) as well as testimony from James Layman, an investigator for Keystone Race Track, which indicated that a third party had the motive, opportunity and knowledge to inject the drug into Fred 'n Ginger. (Deposition of James Layman, p. 15, September 16, 1982). Substantial evidence constitutes evidence that a reasonable mind might accept as adequate to support a conclusion. *Daly v. Pennsylvania State Horse Racing Commission*, 38 Pa. Commonwealth Ct. 77, 391 A.2d 1134 (1978). Although Mr. Brown cites no authority for the proposition that he cannot be held responsible if he can demonstrate by substantial positive or affirmative proof that drugs were injected into the horse through acts of a known or identified third party;[1] even if we accept this premise, we nevertheless believe that Mr. Brown has not presented substantial evidence demonstrating that a third party injected the horse.

For the foregoing reasons, we affirm the order of the Horse Racing Commission.

### ORDER

Now, October 30, 1985, the order of the Pennsylvania State Horse Racing Commission entered July 6, 1983, at No. 81-008K, is affirmed.

---

[1] Mr. Brown cites *In re Beverly Hacker*, Pennsylvania State Horse Racing Commission Ruling No. 78-106, to support this position. We, however, are not bound by this decision. Moreover, the appeal of *In re Beverly Hacker* did not address this issue. *See Hacker v. Pennsylvania Horse Racing Commission*, 46 Pa. Commonwealth Ct. 263, 405 A.2d 1379 (1979).